KANSAS & ARKANSAS VALLEY RAILROAD COMPANY
*v.* AYERS.

Opinion delivered January 2, 1897.

LIVE-STOCK SHIPMENT—CONTRACT LIMITING LIABILITY.—A contract for the shipment of live-stock which, in consideration of a reduced rate, makes it a condition precedent to the recovery of damages to such stock that, before such stock is mingled with other stock and within one day after delivery of the stock at destination, the shipper shall give to the carrier notice in writing of his intention to claim damages, is a reasonable one.

QUESTIONS OF LAW AND FACT—REASONABLENESS OF CONTRACT.—The reasonableness of a contract limiting the liability of a carrier is a question for the jury where there is a dispute as to the facts; but where there is no dispute as to the facts, the court may determine the question.

LIVE-STOCK SHIPMENT—CONSTRUCTION OF CONTRACT.—It is not necessary to give a carrier notice of the death of cattle in the car in which they are shipped before reaching their destination, under a contract which makes it a condition precedent to the recovery of damages that written notice of the intention to claim damages shall be given to the carrier before the stock shall be mingled with other stock.

SAME—NEGLIGENCE.—Proof that a carrier induced a shipper to load his cattle in expectation of a train that would take them at 10:42 a. m., and that they were not moved until 5:30 p. m. of the same day, and that some of the cattle, on reaching their destination, were found to be dead, is sufficient to establish negligence on the part of the carrier.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

To reverse a judgment recovered by the appellee for $250 against the appellants, on account of damages claimed to have been sustained by the appellee, in injury done to his cattle shipped over appellant's railway, this appeal was taken.

In consideration of a reduced rate, the shipper (the appellee) entered into a contract with the carrier (the railway company), as follows : "First. That the live-stock covered by this contract is not to be transported within any specified time, nor delivered at any particular hour, nor in season for any particular market.* * *

"Fifth. That, as a condition precedent to any damages or any loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general office, or to the nearest station agent of the first party, or to the agent at destination, etc., to some general officer of the delivering line, before such stock is removed from the point of shipment, or from the place of destination, and before such stock is mingled with other stock, such written notice to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated; and that a failure to comply with the provisions of this clause shall be a bar to the recovery of any and all such claims." It did not appear in the testimony that the notice as

required by the above clause was given. The proof shows there was an agent at the depot or station where the cattle were delivered, and that he saw the cattle, and knew some of them were dead, and that they were in a bad shape generally, but it does not show that he knew or was informed that any claim would be made for damages. The cattle were shipped at Muldrow for Lenapah in the Indian Territory.

The contract was made with the agent at Fort Smith, who informed the appellee (the plaintiff below) that the train which would carry his stock would leave Muldrow at 10.40 a. m. The appellee loaded his cattle at 9:45 a. m. on two cars furnished by the company for that purpose. No train stopped for his two cars of stock until 5:30 p. m., which train left Muldrow at 5:30 p. m., and arrived at Lenapah at 5:30 a. m., where he unloaded the stock. There were four dead cattle in the cars, and a number of them down, and the balance in bad condition, when they arrived.

The contention of the appellee is that the delay caused by the non-arrival of the train that was to take his cattle at 10:42 a. m. till 5:30 p. m. caused the injury to his cattle, as thereby they were on the cars some seven hours longer than they would have been had they been taken at 10:42 a. m. It appeared that the running of the train which was to take appellee's cattle at 10:42 a. m. was abandoned by the railway company, as they did not have freight sufficient to justify running it that day, but the appellee was not notified of that, and hence loaded his cattle on the cars for the train at that hour, and all the time afterwards expected the train until one came, as stated, at 5:30 p. m. It is also stated by the counsel for the appellee that said contract in regard to notice was unreasonable.

*Dodge & Johnson* for appellant.

1. When a shipper is afforded an opportunity to contract with a carrier by paying one of two rates, by which the liability is limited or not limited, and the shipper chooses the limited liability rate, the contract is valid, and he is bound by it. *Railway Company* v. *Cravens*, 57 Ark. 112. See 46 Ark. 243; 47 *id*. 103; 50 *id*. 412; 52 *id*. 30; 107 U. S. 106; 112 *id*. 337; 155 *id*, 339; 77 Mo. 634; 21 S. W. 80.

2. By the fifth clause of the contract, it was made a *condition precedent* to a recovery that the shipper should *give notice in writing* of his claim, etc., before he removed the stock. No notice was given, and there can be no recovery.

3. The fifth clause is not unreasonable, and the question whether it was reasonable or not was for the jury. 11 So. Rep. 791; 24 S. W. Rep. 355; 18 S. E. Rep. 88; 59 Fed. Rep. 879; S. C. 8 C. C. A. 341; 24 S. W. Rep. 354; 21 *id*. 77; 78 Tex. 374; 14 S. W. Rep. 666; 21 Wall. 264; 54 Miss. 566; 28 Am. Rep. 388; 5 Hurl. & Norm. 867; 30 S. W. Rep. 1113; 30 *id*. 500; 39 N. E. 426.

*Grace & Forrester* for appellee.

A common carrier cannot contract against liability for negligence. 17 Wall. 357; 46 Ark. 243; Lawson, Bailments, secs. 137, 163. An exemption from liability must be read as if the words "except for negligence" were inserted after them, and an exemption from "delay" does not cover a negligent delay. 37 La. An. 468; 3 N. Y. Supp. 708; Lawson, Bailments, sec. 162; 56 N. Y. 168; Hutchinson, Car. sec. 261; 39 Ark. 528; 115 Ill. 407; 71 N. Y. 180; 27 Am. Rep. 28; 29 Barb. 132; 24 N. Y. 222;

The complaint is for injury by *negligence*, and the contract is no defense. Its clauses are void because unreasonable. 86 Tenn. 198; 6 S. W. Rep. 209; 4 Lawson, Rights, Rem. & Pr. sec. 1857. The fifth article is too vague, uncertain and indefinite, and is void. Lawson,

Bailments, sec. 162; 39 Ark. 523. See 67 Tex. 166; 4 Fed. 170, 707; 23 S. W. 930; 25 *id.* 1019; *ib.* 142. The provisions of a contract as to the manner and time of presenting claims must be reasonable, which question is one of law for the court. 54 Ark. 121–3; Wheeler on Carriers, 125; Lawson, Bailments, sec. 158; 57 Wis. 562; 2 Hilt. 19; 2 Daly, 117; 39 Ark. 528–9; 51 Ind. 127; 2 S. W. Rep. 574; 16 S. W. 775; 4 Fed. Rep. 170, 707. If cattle are placed on board the cars in time for the next regular train, and notice given to the company's agent, the company is liable for damage occasioned by not forwarding them by that train. 41 Ill. 73; 67 Am. Dec. 215, and notes.

HUGHES, J., (after stating the facts.) Where the facts are undisputed, the reasonableness of such a contract is a question of law for the court; but where there is dispute about the facts, the reasonableness of the contract is a question of fact for the jury. In this case we think the contract was correctly held to be a reasonable one. *International & G. N. R. Co.* v. *Garrett*, 24 S. W. 354; *Missouri Pacific Ry. Co.* v. *Childers*, 21 S. W. 77; *Texas & Pacific Ry. Co.* v. *Adams*, 78 Tex. 372; *Texas & Pacific R. Co.* v. *Adams*, 78 Tex. 372; *Texas & Pacific Ry. Co.* v. *Barber*, 30 S. W. 500; *Case* v. *Cleveland, C. C. & St. L. Ry. Co.*, 39 N. E. 426. <span style="float:right">Reasonableness of limitation.</span>

As we understand, there is no dispute about the facts, and that all the facts and circumstances are fully presented in the evidence, and that by them it is shown that the contract is a reasonable one. It is true that one day (the time limited by the contract within which the notice was required to be given by the appellee of his intention to claim damages) was short; yet, when we consider the circumstances, it appears that it was sufficient. <span style="float:right">Questions of law and fact.</span>

The appellee was obliged by it to give notice of his intention to claim damages, but not to specify the

amount of damages he intended to claim, but only to make known to the company his intention to claim damages for the injury done the cattle before they were removed and mingled with other cattle, that the railway company might have a fair opportunity to examine them. The agent of the company was at the station, and the appellee saw him, and talked to him about the injury his cattle had suffered; and it would have required but a few minutes to have given the notice required by the contract of his intention to claim damages. But he moved the cattle out to a ranch without having given this notice.

Assuming that the burden was upon the railway company to prove, as matter of fact, that the contract was reasonable, we cannot understand how other proof can be required, when the evidence in the case shows all the facts, and from them it appears that the contract was reasonable, and the facts are undisputed. In fact, it seems that the reasonableness of the contract was not made a question by the appellee, but that he thought he had to give the notice to the agent at Fort Smith, where he entered into the contract. It is true that it is held that the burden to prove the reasonableness of a contract of this kind is upon the party relying upon it, and we agree that where there is a dispute as to the facts the reasonableness of such a contract is a question for the jury, but where there is no dispute as to the facts (as we understand was the case here) the reasonableness of the contract is a question of law for the court. Where there is a question as to the reasonableness of the contract, and the facts and circumstances all appear in the testimony, and there is no conflict in it, the court is authorized to determine the question.

**Construction of contract.**   The cattle that were dead in the car before the stock were removed and mingled with other cattle are not within this provision of the contract as to notice. The object in requiring the notice by the shipper of his

intention to claim damages to be given before the cattle were removed and mingled with other cattle was to afford the railway company a fair opportunity to examine the cattle before they were removed and mingled with other cattle. As to these that were dead, the company had all the opportunity it could have had to examine them.

We think as to these there is some evidence to support the charge of negligence upon the part of the railway company, which occasioned their loss, as it may be a fair inference from the testimony that the agent of the railway company induced the appellee to lead his cattle on to the cars at Muldrow, in expectation of a train that would take them at 10.42 a. m., whereas the train that did take them did not reach Muldrow until 5.30 p. m. of the same day, on account of the fact that the railroad company had declined to run that train that day, because not enough freight was offered for transportation that day to warrant the company in running it, as it thought, but of which the appellee was not in any way notified. *When carrier negligent.*

For the error in giving judgment for the damage to all the cattle claimed to have been injured, the judgment is reversed, and the cause is remanded for a new trial.

BATTLE, J., dissents.