ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY *v.* HURST.

Opinion delivered February 3, 1900.

1. BILL OF LADING—STIPULATION AS TO NOTICE OF LOSS OR DAMAGE.—A stipulation in a bill of lading that the carrier shall not be responsible for loss or damage to property unless notice of such loss or damage is given to the delivering carrier within 30 hours after delivery is not unreasonable, as regards packages which may have been entirely lost; and, as to damaged packages, its reasonableness will depend upon whether sufficient time was given to discover the damage and report the loss. (Page 409.)

2. SAME—RESTRICTION OF LIABILITY—CONSIDERATION.—Where a bill of lading is based upon a valuable consideration, there is no presumption that a restriction of the common-law liability of a common carrier, contained therein, is not based upon a good and sufficient consideration. (Page 410.)

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

*L. F. Parker* and *B. R. Davidson*, for appellant.

The bill of lading was conclusive evidence of the contract between the parties, and the shipper was bound by its terms. 50 Ark. 397; 32 Ark. 669; Hutch. Carr. § 126; 74 Mo. 125; 136 Mo. 189; 46 Ark. 236. The contract entered into was a reasonable one, and the notice of loss a condition precedent to the right to sue. 16 U. C. C. P. 76; 76 Mo. 514; 20 Mo. App. 445; 18 Mo. App. 577; 16 Ind. Sup. Ct. Rep. 543; 23 Am. & Eng. R. Cas. 684; 16 *ib.* 259; 35 *ib.* 678; 111 Ill. 351; 127 N. Y. 430. The burden was on the plaintiff to show that the contract was not binding, or that he had complied therewith. 39 Ark. 523; 40 Ark. 375; 44 Ark. 208; 52 Ark. 26. Consideration for the stipulations of the bill of lading is presumed. 36 Ill. App. 140.

*Chew & Fitzhugh*, for appellee.

The facts as to the stipulation for notice being undisputed, their reasonableness was for the court to decide. 54 Ark. 221; 17 Mo. App. 257; 1 Ell. Railroads, § 202. As a matter of

law, the stipulation was unreasonable and void.  11 Cush. 155; 49 Am. & Eng. R. Cas. 98; 9 Baxt. 188; 19 J. & S. 196; 62 Ark. 106.  There must be consideration for concessions or stipulations in a bill of lading as to a carrier's liability.  4 Ell. Rys. §§ 1504, 1510; 57 Ark. 112; L. R. A. 508.  The carrier to avoid liability must prove the contract limiting liability, and that the loss was an excepted one.  46 Ark. 236.

BATTLE, J.  In the complaint in this action it is alleged that the defendant, St. Louis & San Francisco Railroad Company, received from the plaintiff, Jesse Hurst, and agreed to carry ten boxes of household goods and other property from the town of Talahini, in the Indian Territory, and deliver them to the plaintiff at the town of Mountainburg, in this state; "that the defendant carelessly and negligently lost one box, of the value of $125, and permitted other goods to be damaged in the sum of $125, by allowing the same to become wet, and by breaking, scarring and otherwise injuring the goods;" and for such damages the plaintiff asked for a judgment for $250.

The defendant answered the complaint, and denied the loss of the box, and that the other goods were damaged; and alleged that, by the terms of the contract of shipment of said boxes and other property, it was agreed, by and between the plaintiff and defendant, that the railroad company should not be "responsible for loss or damage to property unless notice of said loss or damage" was "given to the delivering carrier within thirty hours after delivery;" and that no such notice had been given.

The evidence adduced at the trial proved that the defendant received the ten boxes and other property from the plaintiff for shipment from Talahini, in the Indian Territory, to Mountainburg, in this state, and agreed to deliver the same to the defendant at the latter place; and that a bill of lading, in which the contract of shipment was contained, was executed by the defendant to the plaintiff.  In the bill of lading is the following stipulation:  "No carrier shall be responsible for loss or damage to property unless notice of such loss or damage is given to the delivering carrier within thirty hours after delivery."  Evidence was adduced tending to prove that all the property shipped, except one box of goods, was delivered to the

defendant at Mountainburg; that one of the boxes was lost, and the other property was damaged; and that no notice of such loss or damage was given to the defendant within thirty hours after the property received was delivered. Evidence was also adduced tending to prove that none of the property was lost or damaged, and that all of it was delivered to the plaintiff according to the contract.

Upon this evidence the court instructed the jury, over the objections of the defendant, as follows: "If the goods of plaintiff, or any of them, were lost or damaged by want of ordinary care on the part of the defendant, while in its possession, then defendant is liable for such loss or damage. If you find for plaintiff, you will assess his damage at the value of the goods lost, and the actual damage to those damaged but not lost, if you find that any goods of his were lost or damaged as aforesaid."

And the court refused to give, at the request of the defendant, the following instructions:

"If you find that under the terms of the bill of lading it was agreed that no carrier should be responsible for loss or damage to property, unless notice of such loss or damage was given to the delivering carrier within thirty hours after the delivery of the goods, and that no such notice was given, you will find for the defendant.

"If you find that by the terms of the bill of lading notice should have been given to the defendant railway company of any loss or damage to the property within thirty hours after the delivery of the property; that plaintiff could reasonably have given such notice within thirty hours after the delivery, but did not do so,—then you will find for the defendant."

The jury returned a verdict in favor of the plaintiff for $40. Judgment was rendered accordingly, and the defendant appealed.

In *Kansas & Arkansas Valley Railroad Company* v. *Ayers*, 63 Ark. 331, a contract for the shipment of live stock, which made it "a condition precedent to the recovery of damages to such stock that, before such stock is mingled with other stock, and within one day after delivery of the stock at destination,

the shipper shall give to the carrier notice in writing of his intention to claim damages," was held to be reasonable. In this case so much of the contract as required notice of loss to be given within thirty hours after delivery was certainly reasonable. The remainder of the contract was reasonable if it allowed the shipper sufficient time, with the use of reasonable diligence, to discover the damage and give the notice; otherwise, it was unreasonable. But the trial court ignored the contract as to notice, and virtually instructed the jury to return a verdict in favor of the plaintiff for the value of the goods which were lost, if they found any were lost, notwithstanding it appeared that no notice was given within thirty hours after the delivery of the goods which were received by the shipper. The right to recover the value of the box of goods which was alleged to have been lost, the loss being shown, depended entirely upon the giving of the notice within the time stipulated. Under the contract of the parties and the issues in the case, it was not sufficient to find that the box was lost, to render the railroad company liable to the shipper for its value, but it was also necessary to find that the notice was given according to the contract. The instructing the jury to return a verdict in favor of the plaintiff for the value of the box of goods, if they found it was lost, was virtually telling them to return such verdict notwithstanding they should find that the notice which the shipper agreed to give was not given. This was a fatal defect in the instruction, which was not cured by any other instruction.

The entire contract of shipment was based upon a valuable consideration. The evidence does not show that it was not sufficient to sustain every part of the contract, and we will not presume that it was not. *York Company* v. *Central Railroad*, 3 Wall. 107; *McMillan* v. *Michigan, etc. R. Co.*, 16 Mich. 79.

Reversed and remanded for a new trial.

RIDDICK, J., did not sit in this case.