St. Louis Southwestern Railway Company *v.* Birdwell.

Opinion delivered October 15, 1904.

Connecting carriers—burden of proof as to loss.—Where goods are shipped over connecting lines of carriers on a through bill of lading, and on reaching their destination a box is missing, in an action therefor against the last carrier the burden of proof is on it to show that the loss did not occur on its line.

Appeal from Greene Circuit Court.

Felix G. Taylor, Judge.

Affirmed.

### STATEMENT BY THE COURT.

In January, 1901, V. S. Birdwell delivered to the St. Louis Southwestern Railway Company of Texas, at Bassett's station on its line, four boxes of household goods and a barrel of molasses for

shipment to Marmaduke, Arkansas, a station on the line of the defendant. He received from the company a through bill of lading for the shipment of the goods, which were consigned to himself. The defendant duly delivered the goods at Marmaduke, with the exception of one box, which was missing and was not delivered. But, though one of the boxes had been lost, the agent of the defendant at Marmaduke presented a bill for the freight on all the goods, including the part that was lost, and plaintiff paid the same. He afterwards brought suit against the company for the value of the box of goods that was lost. On the trial there was a verdict and judgment for $61.40, the value of the lost goods and a small amount of overcharge in freight, which the defendant admitted. The defendant appealed.

*Sam H. West* and *J. C. Hawthorne,* for appellant.

The court erred in instructions to the jury. The goods were delivered to a separate company from appellant. Acts 1901, 164. Appellant is in no way liable for the shortage unless it receives the goods. 104 U. S. 146; 99 Mass. 220; 93 Mass. 295.

*Johnson & Huddleston,* for appellee.

The carrier upon whose line the loss or damage occurs is responsible to the consignor, and all the connecting carriers are the agents of the initial carrier, and not of the consignor. 6 S. W. 881 ; 35 Ark. 403. It is the presumption that the delivering carrier received the goods in the quantity and condition as received by the initial carrier. 36 S. W. 393 ; Hutch. Carr. § 761 ; 58 S. W. 43.

Riddick, J. (after stating the facts.) This is an action against the delivering carrier to recover for goods lost in transit. There was evidence introduced by the defendant company, showing that its line only extended to Texarkana, and that the St. Louis Southwestern Railway Company of Texas, which received the goods, was a different corporation, though, judging from the map of the two lines appearing on the back of the bill of lading issued to the defendant by the Texas company advertising the two lines under the joint name of the "Cotton Belt Route," it would appear that these two lines, though owned by different corporations, are closely connected in their business management and

operation. But, as they are separate corporations, the defendant company contends that there was no evidence that it received the lost box of goods, and that for that reason there is no evidence to sustain the verdict. But in the case of the injury or loss of goods shipped over connecting lines, if the last carrier is sued, the burden of proof will be on it to show that the injury did not occur on its line. The reason for this rule is that the carrier is in a much better position to prove the condition of the goods at the time it received them than the owner of the goods. We see no reason why that rule should not apply in this case. How could the shipper know whether all of his goods were delivered to the defendant by the initial carrier? To make that proof would probably have put him to great inconvenience and trouble, but the defendant or its employees certainly knew, or should have known, whether it received the goods or not, and the fact that it offered no proof on that point raises the *prima facie* presumption that it did receive the goods. It is admitted that the goods were delivered to the initial carrier, and there is nothing to rebut the presumption that they were received by the defendant connecting carrier and lost by it. *Faison* v. *Alabama & V. Ry. Co.*, 69 Miss. 569, s. c. 30 Am. St. Rep. 577; *Cooper* v. *Georgia Pac. Ry. Co.*, 92 Ala. 329, 25 Am. St. Rep. 59.

As the judgment was clearly right, we need not consider the instructions, as no prejudice resulted.

Affirmed.