ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY *v.* PEARCE.

Opinion delivered April 15, 1907.

1. CARRIER—LIVE STOCK SHIPMENT—LIMITATION OF LIABILITY.—A stipulation in a bill of lading for the shipment of live stock, made in consideration of a reduced rate, that, as a condition precedent to a recovery of any damages for delay, loss or injury to the live stock, the shipper should give to the carrier notice in writing of the claim therefor before the stock is mingled with other stock and within a day after the stock is delivered at destination, is reasonable and binding, and the burden is on the shipper to show that he has given the notice. (Page 357.)

2. SAME—CONNECTING LINES—BURDEN OF PROOF.—In an action against the initial of two or more connecting carriers to recover damages to freight the burden of proof is upon the plaintiff to show that the damages occurred on that line, but in a suit against the last or delivering carrier the burden is upon it to show that the damage was not done on its line. (Page 357.)

3. EVIDENCE—MARKET REPORTS.—Standard price lists and market reports, shown to be in general circulation and relied on by the commercial world and by those engaged in the trade, are admissible as evidence of market values of articles of trade. (Page 358.)

| | |
|---|---|
| 82 | 353 |
| 83 | 506 |
| 83 | 507 |
| 82 | 353 |
| f85 | 299 |
| 82 | 353 |
| 87 | 335 |
| 87 | 343 |
| 82 | 353 |
| e89 | 410 |
| 89 | 411 |
| f89 | 412 |
| 89 | 593 |
| 90 | 314 |

4.  CARRIER—TIME OF DELIVERY OF FREIGHT.—In the absence of any special contract requiring a carrier of live stock to deliver such stock in time for any special market, the law implies a contract to deliver with reasonable promptness and without unnecessary delay. (Page 358.)

5.  SAME—LIMITATION OF LIABILITY—CONSIDERATION.—Contracts of carriage restricting the liability of the carrier, or releasing any claim for liability already accrued to the shipper, must be reasonable and based upon a consideration. (Page 358.)

6.  SAME.—Where a carrier was liable to a shipper for failure to furnish cars promptly, it had no right to require a release of this liability before according to him the privilege of shipping upon terms the same as those given to other shippers who asserted no claim for damages. (Page 358.)

7.  SAME—VALIDITY OF CONTRACT OF SHIPMENT.—A shipper can not escape liability under a contract of shipment containing limitations by proving that he signed the contract without reading it, and that the agent did not inform him that there was another rate under a contract of unrestricted liability, unless the agent refused upon demand to give such information, or to accept the shipment at another rate under a contract for an unrestricted liability. (Page 359.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

1.  The first delay was caused by failure of machinery. Under the contract the company was not liable for this delay. 55 Fed. 1003; 39 Ark. 148; 40 *Id.* 375; 52 *Id.* 26.

2.  There are no allegations to impeach the contract, and no evidence introduced for that purpose. The contract was binding, and under it the measure of damages was the amount expended for feed and care of stock. 39 Ark. 523; 40 *Id.* 375; 52 *Id.* 26. There is no proof of negligence in operating the train. 39 Ark. 523; 40 *Id.* 375; 44 *Id.* 208; 50 *Id.* 397-415; 34 *Id.* 383-389; 52 *Id.* 26-30. The testimony as to decline in market was illegal—as was the testimony as to the time the train would arrive. 1 Elliott, Ev. § 208; 2 Best, Ev. § 472. It was error to admit evidence as to what the live stock agent at Pierce City said as to better service. 52 Ark. 78; 71 *Id.* 552-555; 78 Ark. 381.

3.  The second instruction given was erroneous because: First. It left to the jury to say whether or not the stipulation

ARK.]　　ST. LOUIS & S. F. RD. CO. v. PEARCE.　　355

in the contract that suit should be brought in six months was reasonable. That was matter of law for the court. 52 Ark. 406; 63 Id. 331-335; 73 Id. 205; 78 Ark. 574; 79 Ark. 172. Second. This stipulation was reasonable. 14 S. W. Rep. 913; 15 Id. 164; 30 Am. & Eng. R. Cas. 49; 67 Ark. 407. The parties had no right to waive this clause or modify the contract or extend the time limit. 24 S. W. Rep. 918; 15 Id. 568.

4. Under the contract the burden was on plaintiff to prove the cause of the death of the hogs. 50 Ark. 397-415; 34 Id. 383-389; 52 Id. 26-30; 5 Am. & Eng. Enc. of Law (2 Ed.), 471 and notes.

5. Notice should have been given of damages before the stock was sold or mingled with other stock. 63 Ark. 331-336; 67 Id. 407; 75 Id. 206; 1 Hutchinson on Car. § 442; 4 Elliott on Railroads, § 1412.

6. The argument of counsel was prejudicial. 81 Ark. 231; 61 Ark. 130; 70 Id. 179-184; 77 Id. 238.

*J. A. Rice,* for appellee.

1. No proper exceptions were saved, and objections to evidence on appeal that were not urged or different from those urged in the trial will not be considered. 86 S. W. Rep. 242; 82 Id. 927. No complaint was made as to the instructions given in the motion for new trial. A general exception to several instructions is not sufficient. 88 S. W. 966; 97 Id. 519; 23 Id. 735; 75 Ark. 181; 37 N. E. Rep. 283.

2. A failure to furnish cars upon reasonable demand will be excused only for some unusual, unprecedented and unforeseen condition of the traffic. This is not shown in this case. Kirby's Digest, § § 1904, 6592-3; 69 Ark. 256.

3. If there is a contract limiting the carrier's liability, such limitation is matter of defense, and should be pleaded and proved. 63 Ark. 336; 69 Id. 256. A failure to so plead and prove is a waiver and abandonment of such defense, and relegates the carrier to its common-law rights and duties, and the burden is on the carrier. 86 S. W. Rep. 342, 932.

4. The contract was not plead as a defense and appellant can not be heard to say it was pleaded by appellee. 39 Ark. 438; 3 Cyc. pp. 242-4.

5. Exceptions not ruled on by the court are waived, and will not be considered on appeal. 62 S. W. Rep. 381; 74 *Id.* 434; 64 *Id.* 648; 69 *Id.* 826; 61 *Id.* 766.

McCulloch, J. This is an action instituted by the plaintiffs, Bart Pearce and J. C. Puckett, to recover damages to live stock shipped over appellant's road to St. Louis.

The complaint contains two paragraphs, setting forth two separate causes of action: One for damages to a carload of hogs shipped on September 24, 1904, from Gravette, Ark., caused by negligence of the company in failing to transport the carload of hogs with due diligence; and the other for damages to a lot of cattle and hogs shipped November 16, 1904, from Centerton, Ark., caused by negligence of the company in failing to furnish cars promptly and in failing to transport the carloads of cattle and hogs with due diligence after they were shipped.

The shipments were made under a special contract restricting the liability of the carrier in consideration of reduced rates, and the several contracts or bills of lading are exhibited with the complaint. The damages are alleged to have been sustained by reason of some of the hogs dying and the shrinkage in weights and depreciation in the market prices during the delays. A verdict was returned in favor of the plaintiffs, and the defendant appealed, assigning various alleged errors of the court.

1. The contract contained the following, among other clauses: "That, as a condition precedent to a recovery for any damages for delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

The evidence fails to show that the notice of damage was given within the time named, and the defendant asked instruc-

tions to the effect that if the jury found that the notice was not given within the stipulated time there would be no recovery for shrinkage in weight or price of the stock. The court refused to give the instruction, and no instructions on this subject were given.

This provision of the contract is reasonable and binding, and the instructions should have been given. *Kansas & Ark. Valley Railroad Co.* v. *Ayers,* 63 Ark. 331; *St. Louis & San Francisco Railway Co.* v. *Hurst,* 67 Ark. 407; 1 Hutchinson on Carriers, § 442, and cases cited.

The stock was unloaded and sold within the time stipulated for the giving of the notice, and it imposed no unreasonable terms upon the plaintiffs in requiring them to give notice within that time of their intention to claim damages.

The giving of the notice within the time named was, according to the stipulation, a condition precedent to right of recovery, and the burden of proof was therefore on the plaintiffs to show that they had given the notice. Inasmuch as this was not shown, the evidence was not sufficient to sustain the verdict.

2. The defendant requested the court to give the following instruction, which was refused:

"7. I charge you that where stock is shipped over two or more connecting lines, and the stock is found damaged at destination, the presumption is that the stock, if damaged at all by the carrier, was damaged by the last line handling the same, and in order to recover in this action it would devolve upon the plaintiffs to show that the defendant company was guilty of some negligent act or acts which caused the death of the hogs."

The instruction was properly refused. In an action against the initial carrier of two or more connecting carriers the burden of proof is upon the plaintiff to show that the damage occurred on that line, whereas, if the suit be against the last or delivering carrier, the burden is upon it to show that the damage was not done on its line. *St. Louis So. W. Ry. Co.* v. *Birdwell,* 72 Ark. 502; *St. Louis, I. M. & So. Ry. Co.* v. *Coolidge,* 73 Ark. 112.

But it is not correct to say that in a suit against the initial carrier there is any presumption as to the line on which the damage occurred.

The court told the jury in this case that the burden was on the plaintiff to show that the damage was caused by defendant's negligence. This was sufficient.

3. One of the plaintiffs was allowed, over defendant's objection, to testify from the market reports printed in a trade journal printed and published where the stock were sold as to the market price of hogs and cattle during the period of delay in the shipment. Standard price lists and market reports, shown to be in general circulation and relied on by the commercial world and by those engaged in the trade, are admissible as evidence of market values of articles of trade. 17 Cyc. p. 425; 3 Wigmore on Ev. § 1704; *Sisson* v. *Cleveland & Toledo Ry. Co.*, 14 Mich. 496; *Cleveland & T. R. Co.* v. *Perkins*, 17 Mich. 296; *Nash* v. *Classen*, 163 Ill. 409; *Whelan* v. *Lynch*, 60 N. Y. 474; *Harrison* v. *Glover*, 72 N. Y. 454; *Fairly* v. *Smith*, 87 N. C. 367; *Washington Ice Co.* v. *Webster*, 68 Me. 463; *Munshower* v. *State*, 55 Md. 24.

It is argued that this testimony was inadmissible because the contract of shipment did not require the carrier to deliver the stock in time for any special market. This is true, but the law implies a contract to deliver with reasonable promptness and without unnecessary delay. *St. Louis, I. M. & So. Railway Co.* v. *Coolidge*, 73 Ark. 112; 2 Hutchinson on Carriers, § § 651, 662.

4. The contract further stipulated that the shippers waived all claim of damages which had accrued to them by reason of delays, prior to the signing of the contract, in furnishing cars, and it is insisted that this clause of the contract is binding, and precludes any recovery for such delay.

Contracts of carriage restricting the liability of the carrier, or releasing claim for liability already accrued to the shipper must be reasonable and based upon a consideration. *Railway Co.* v. *Cravens*, 57 Ark. 112; *St. Louis, I. M. & So. Railway Co.* v. *Coolidge*, 73 Ark. 112.

The contract in this case was based upon a reduced rate, but the evidence shows that it was a printed form of contract given to all shippers alike who desired the reduced rate upon the stipulated terms. It is unreasonable to require a shipper to release the carrier from a liability already accrued on account of negligence or failure to perform a duty owing to shippers. If the

defendant was liable to the plaintiffs for failure to furnish cars, then it had no right to require a release of this liability before according to them the privilege of shipping upon terms the same as those given to other shippers who asserted no claim for damages. The claim for damages already accrued was a distinct matter, and was not a subject to be included in a contract for shipment subsequently entered into, unless based on a separate consideration for the release of liability.

Other questions are raised in the record, but as the case must be reversed on account of the error indicated it is unnecessary to discuss other questions. It should be added, however, that the validity of the contract of shipment was not assailed in the pleadings. On the contrary, the plaintiffs exhibited the contract with the complaint as a basis of their right to recover in this action, and they introduced no testimony tending to show that they were denied the opportunity to ship their stock under a contract for unrestricted liability of the carrier. The contract was therefore valid, and binding upon the shipper except in the particular already named. It was improper to permit the plaintiffs to testify that they signed the contract without reading it, and that the agent did not inform them that there was another rate under a contract of unrestricted liability. The agent was not bound to so inform them unless requested to do so, as information was obtainable from other sources provided by law; and unless the agent refused, upon demand, to accept the shipment at another rate under a contract for unrestricted liability, there is no reason for holding the contract to be void, as this court has held that the contract is valid and binding where it is not forced upon the shipper. *St. Louis, I. M. & So. Railway Co.* v. *Lesser,* 46 Ark. 236; *St. Louis, I. M. & So. Railway Co.* v. *Weakly,* 50 Ark. 397.

Reversed and remanded.