LUSK *et al.*, RECEIVERS ST. LOUIS & S. F. RD. CO.,
*v.* LONG.

Opinion delivered February 5, 1917.

1. CARRIERS—DAMAGE TO FREIGHT IN TRANSIT—NOTICE TO CARRIER—DEATH OF ANIMAL WHILE IN CARRIER'S POSSESSION.—A carrier may make a rule that notice of any damage to freight must be given to it within a reasonable time after delivery, but the rule is inapplicable in the case of livestock which have died while in the carrier's possession.

2. CARRIERS—INJURY TO FREIGHT—LIMITED LIABILITY.—In consideration of a reduction of rates, a carrier may limit its liability for damages to freight in transit, except on account of its own negligence or carelessness, provided the limitations are reasonable.

Appeal from Madison Circuit Court; *J. S. Maples*, Judge; reversed.

*W. F. Evans* and *B. R. Davidson* for appellants.

1. The contract was based upon the consideration of a lower rate, and such contracts have been upheld by this court. 63 Ark. 331; 82 *Id.* 353.

2. A witness was allowed to estimate the damages, without any knowledge of the facts. There was no evidence of negligence whatever. 47 Ark. 497; 71 *Id.* 302; 67 *Id.* 371; 40 *Id.* 375; 44 *Id.* 209.

3. No notice was given of damages, within thirty hours. The burden was on plaintiff to prove notice. 82 Ark. 353, 357. These were interstate shipments, and our courts are bound by the construction placed on contracts of this character by the U. S. Supreme Court. The notice must be given and the burden was on plaintiff to prove it and also negligence and damage. Cases *supra*. A verdict should have been directed for defendant.

*W. N. Ivie* for appellee.

1. No abstract was filed as required by Rule 9 of this court. 80 Ark. 59; 101 *Id.* 207.

2. These were interstate shipments and under the Federal laws and defendant was clearly liable for the losses and damages. 177 S. W. 400; 100 Ark. 269; 226 U. S. 491; 241 *Id.* 87; *Ib.* 190; Comp. Stat. U. S. 1913, §§ 8563, 8592; 46 U. S. Sup. Ct. Reporter, 555.

3. The provisions in the contract as to notice are unreasonable. 179 S. W. 663; 90 Ark. 308. Under Sec. 20, U. S. Comp. Stat. 1913, the Carmack Amendment it is expressly proved "that no contract, receipt, rule or regulation shall exempt such Common Carrier * * * from liability. Appellant was liable regardless of whether there was negligence or not, or notice. Cases *supra.*

HUMPHREYS, J.. Appellee, T. G. Long, brought two suits against appellants, Jas. W. Lusk, *et al.*, Receivers, St. Louis & San Francisco Rd. Co., one in the Madison circuit court and one before Pete Cooper, a justice of the peace in Mill Creek township, seeking to recover damages from appellant on account of its negligence pertaining to stock shipments over its railroad. The suit begun in the circuit court contained four counts, and the one begun in the justice of peace court, three counts. The suit before the justice of the peace was appealed to the circuit court and by consent consolidated with the circuit court case and tried as a consolidated case. The jury returned a verdict on each count, except the second count in the justice of the peace case, for $50.00 in favor of appellee, and found for appellant on the second count. Judgment was rendered on the several verdicts in accordance therewith. A motion for a new trial was filed and overruled and this cause is here on appeal.

All shipments were interstate shipments and made under reduced rate contracts limiting the liability of appellant.

The contract recites that the shipper had the election to ship livestock under the contract at a lower rate, or not under the contract, but at the carrier's risk, at a higher rate.

Section 17 of the contract is as follows: "The shipper acknowledges that he has had the option of shipping the live stock at carrier's risk, at a higher rate, or under this contract, at a lower rate, and that he has

elected to make this contract and accept the lower rate."

Section 13 of said contract is as follows: "As a condition precedent to recovery of damages for any death, loss, injury or delay of the live stock, the shipper shall give notice, in writing, of his claim, to some general officer of the company, or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be promptly and fully investigated, and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury or delay."

The answer to each count denied the material allegations thereof and specially pleaded the contract requirement of written notice to appellant in case the stock were injured, lost or damaged, by appellee.

The evidence as abstracted fails to disclose that such notice was given to or waived by appellant. On suggestion of counsel for appellee that the abstract was deficient and that the evidence omitted was material to the issues, we explored the transcript but failed to find any evidence tending to show that such a notice was given.

Appellant asked a peremptory instruction finding for it on each count, which was refused; also an instruction on each count directing the jury to find for it unless the notice required by the contract had been given within one day and before the stock had been mingled with other stock. This was asking a peremptory instruction in another form and amounted to an insistence that the notice clause in the contract be applied.

(1) These are interstate shipments and our courts are bound by the construction placed upon contracts of this character by the Supreme Court of the United States. That court has held that a notice of this kind is a proper subject for contract in interstate shipments, and enforcible in the courts. *Northern*

*Pacific Ry. Co.* v. *Wall,* 241 U. S. 87; *Georgia, Florida & Alabama Ry. Co.* v. *Bliss Milling Co.,* 241 U. S. 190.

Our own court has uniformly held that provisions of this character in a contract are reasonable and just in so far as they apply to *injury* to stock. *Kansas & Ark. Valley Rd. Co.* v. *Ayers,* 63 Ark. 331; *St. L., I. M. & S. R. Co.* v. *Jacobs,* 70 Ark. 401; *Cumbie* v. *St. L., I. M. & S. R. Co.,* 105 Ark. 406; *St. L. & S. F. Rd. Co.* v. *Pearce,* 82 Ark. 353; *St. L. & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308.

The reasons assigned for upholding such provisions in contracts are that it gives the carrier an opportunity to investigate the facts occasioning the injury while the truth can be ascertained; that if the stock are permitted to be sold and mingled with other stock, it deprives the carrier of the right to make an actual inspection in order to learn the nature and extent of the injury.

Reasoning after this fashion, the courts have said that carriers may protect themselves by contracts requiring the shipper to notify them in writing in case the stock is injured, as a condition precedent to recovery. In the case of *Kansas City & Ark. Valley Rd. Co.* v. *Ayers, supra,* the court held that a provision of this kind in a shipping contract was reasonable, but in construing the contract, took occasion to say: "The cattle that were dead in the car before the stock were removed and mingled with other cattle are not within this provision of this contract as to notice. The object in requiring the notice of the shipper of his intention to claim damages to be given before the cattle were removed and mingled with other cattle was to afford the railroad company a fair opportunity to examine the cattle before they are removed and mingled with other cattle. As to these that were dead, the company had all the opportunity it could have to examine them."

The doctrine on this point announced in that case has been consistently adhered to in later cases. Where the stock or cattle have died in the actual possession of the carrier a notice could serve no purpose. It can

make all the investigation necessary to ascertain the cause of the injury that it could make if written notice were given, and to require written notice would be an unreasonable provision of the contract. Our construction of this contract is that cattle, sheep or hogs which died in the possession of appellant are not within the reasonable and valid provisions of the contract in reference to the giving of written notice.

It is impossible for us to ascertain from this record whether the verdicts rendered on the several counts in these consolidated cases covered damages to stock which died while in the possession of appellant. The items of damage claimed cover shrinkage, difference in the market value on the day the stock were supposed to arrive at its destination, and the day it did arrive, hogs lost enroute, expenses of reloading, extra freight charges, crippled hogs, sheep and cattle, time lost, etc.

It may be these verdicts included damages on account of other items, so we cannot say they were rendered wholly and entirely on account of dead stock.

(2) No evidence appearing in the record to support the finding that the notice was given, which under the contract is a prerequisite to recovery, except for hogs, sheep and cattle which died enroute, and no certainty existing as to what item or items of damage the verdicts included, it becomes necessary to reverse and remand this case for a new trial. In order to simplify the matter on another trial, we will say in passing, that in consideration of the reduction of rates, a carrier can limit its liability in contracts of this character except on account of its own carelessness or negligence, provided the limitations are reasonable.

On account of errors indicated, the judgment is reversed and the cause remanded for a new trial.