BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN

COMPANY, *v.* CURRY.

Opinion delivered November 19, 1917.

1. CARRIERS—LOSS AND DAMAGE TO FREIGHT—NOTICE—WAIVER BY AGENT.—Notice of loss or damage to freight may be waived by the agent of the carrier who has the authority to receive the notice; and this is true notwithstanding a stipulation in the contract of carriage attempting to limit the authority of the agent.

2. APPEAL AND ERROR—EXCLUSION OF TESTIMONY—FAILURE. TO PERFECT RECORD.—A cause will not be reversed for the failure of the trial court to admit testimony, when the record does not show what the testimony would have been.

Appeal from Drew Circuit Court; *Turner Butler,* Judge; affirmed.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellant.

1. There was no delay in the shipment and no rough handling. No negligence or want of due care was proven. Delivery was complete on delivery to the representatives of the commission people.

2. There was error in the court's instruction on the question of delay. 63 Ark. 332; 81 *Id.* 474; 50 *Id.* 397.

3. There was error in the instructions as to notice. The provision in the contract was reasonable. 63 Ark. 372; 101 *Id.* 172; 82 *Id.* 353; 60 U. S. (L. Ed.) 948. No

agent of the company had authority to waive notice. 203 Fed. 971.

4. There were errors in admitting and excluding testimony.

5. The plaintiff failed to prove the value of the cattle lost and the verdict is unjust.

*Williamson & Williamson,* for appellees.

1. There was proof of undue delay and slow transportation. 63 Ark. 332.

2. There is no error in the instructions. 50 Ark. 397.

3. Cattle were lost and their value was proven. 128 Ark. 103.

4. There was no error in admitting nor excluding testimony. 96 Ark. 384.

5. Notice was waived. 89 Ark. 157; 6 Cyc. 509; 70 Ark. 402; 127 Ark. 261; 129 Ark. 450.

6. The verdict is sustained by the evidence. 196 S. W. 471, 816; 122 Ark. 349; 126 Ark. 427; 125 Ark. 486; 51 Ark. 332; *Ib.* 324; 49 *Id.* 382; 44 *Id.* 258.

McCULLOCH, C. J. Appellees shipped seven car loads of cattle over the railroad operated by appellant from Monticello, Arkansas, to East St. Louis, Illinois, and this is an action instituted by appellees to recover damages sustained by reason of injuries to the cattle while being transported by appellant. Five of the cars were consigned to the Moody Commission Company, and the other two cars were consigned to the Keys Commission Company, and damages on both shipments were laid in the sum of $761.87. The jury returned a verdict in appellee's favor for recovery of the sum of $541.87, and judgment was rendered accordingly.

It was alleged in the complaint that there was delay in the shipment which caused shrinkage in weight and injury to the appearance of the cattle, and thereby affected the market value thereof, and that some of the cattle were lost from the cars, others killed, and still oth-

ers crippled. The court submitted to the jury the allegations of negligence and also the elements of damages. It is contended, however, that there was no evidence of delay in the shipment, and that for that reason the question should not have been submitted to the jury.

The question of delay does not appear to have been very satisfactorily established by the evidence, yet we can not say that there was entire absence of evidence on that subject, for several of the witnesses testified that the train made slow time and that there was unnecessary delay in the movement.

It is also insisted that the evidence does not establish the value of the cattle alleged to have been lost, but we think the evidence was sufficient on that subject.

The bill of lading contained a stipulation with respect to giving notice of loss or damage to appellant's agents at destination within twenty-four hours. Notice was given in some instances, and not in others, but the evidence is sufficient to show that the agent at destination instructed the commission companies in advance that it was unnecessary to give the notices. It is insisted that the clause in the contract limiting the authority of the agent to waive the notice is conclusive, and that the waiver, if proved, is inoperative. Counsel for appellant cite cases which sustain their view of the law, but this court has steadily held to the rule that the notice may be waived by the agent of the company who is clothed with authority to receive it. *St. Louis S. W. Ry. Co.* v. *Grayson*, 89 Ark. 154; *St. Louis, I. M. & S. Ry. Co.* v. *Nunley*, 120 Ark. 268; *Lusk, Receiver*, v. *Long*, 127 Ark. 261, 192 S. W. 214. This is true notwithstanding the stipulation attempting to limit the authority of the agent. *Peoples' Fire Ins. Association of Arkansas* v. *Goyne*, 79 Ark. 315.

There are certain assignments of error with respect to the rulings of the court in the admission and exclusion of testimony, but an examination of the record fails to sustain appellant's contention as to what the rulings of the court were on those subjects. For instance, there is an exception as to the admission of a certain letter,

said to have been written and delivered by one of the commission companies to appellant's officers in St. Louis, but the record does not show that this letter was read in evidence. Another instance is that there is an exception to the ruling of the court in refusing to permit witness McPherson to testify as to certain matters, but the record does not indicate what the answers of the witness would have been. Therefore, according to well settled rules, we can not treat the rulings of the court as prejudicial, even though they may have been erroneous.

Our conclusion is that there was no prejudicial error committed by the court in the trial of the cause, and that the judgment should be affirmed. It is so ordered.