PAYNE *v.* MALLORY.

Opinion delivered May 2, 1921.

1. CARRIERS—DELAY IN SHIPPING LIVE STOCK.—A complaint against a carrier alleging the receipt of cattle and delay in shipment for three or four days states a cause of action for unreasonable delay.

2. CARRIERS—DUTY TO SHIP LIVE STOCK PROMPTLY.—It is the duty of a common carrier accepting live stock for shipment to ship and deliver same without unnecessary delay, and delay in the shipment of stock from Saturday until the following Tuesday is unreasonable unless there was some good and sufficient cause to justify it.

3. CARRIERS—BURDEN OF ESTABLISHING JUSTIFICATION FOR DELAY.—The burden of establishing justification for a delay of from Saturday to Tuesday in forwarding a shipment of livestock rests upon the carrier.

Appeal from Carroll Circuit Court, Western District; *W. A. Dickson,* Judge; affirmed.

*Shouse & Rowland,* for appellant.

The court erred in overruling appellant's demurrer and refusing to give the peremptory instruction asked by defendant. No negligence was alleged or proved. The

instructions state the law correctly, and there is no evidence to support a verdict for any sum. 1 Hutch. on Carriers, § 510; 83 S. W. 20; Kirby's Digest, § 6804; 77 Ark. 357; 79 *Id.* 59. See, also, 64 Ark. 271; 83 S. W. 20. Under the law *supra* appellee failed to make out a case and a verdict should have been directed.

*C. A. Fuller,* for appellee.

1. It is the duty of a railroad company to furnish suitable pens for keeping stock and facilities for feeding and watering them, and failing to do so renders it liable. Michie on Carriers, §§ 1757-8, 1784; 82 Ark. 253; 73 *Id.* 112; 101 *Id.* 289.

2. The evidence fully sustains the verdict.

HUMPHREYS, J. Appellees instituted suit against appellant in the circuit court, Western District of Carroll County, to recover damages in the total sum of $696.62, as per itemized statement incorporated in the complaint, on account of the alleged negligence of appellant in failing and refusing to ship two cars of stock on the 22d day of November, 1919, or to deliver same upon the Kansas City market within a reasonable time after said date.

A demurrer was filed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, to which ruling of the court appellant objected and excepted.

Appellant, reserving its exceptions to the ruling of the court on the demurrer, filed an answer, denying the material allegations of the complaint.

The cause then proceeded to a hearing, and at the conclusion of the evidence appellant requested a peremptory instruction directing a verdict in its favor. The court refused to give the instruction, to which ruling appellant objected and excepted. The cause was then submitted to the jury upon the pleadings, evidence and instructions of the court, resulting in a verdict and judgment against appellant for $475, from which an appeal has been duly prosecuted to this court.

Appellant first contends that the court committed reversible error in overruling the demurrer to the complaint. It is asserted that no fact of negligence is alleged in the complaint, the only allegation being that when appellees "arrived at the stockyards it was dark and the stock pens were all full of other stock, and there was no place available in which to drive their stock for shipment." Appellant argues that common carriers can not be held in damages for a failure to furnish shipping facilities unless it be alleged and shown that the facilities furnished were inadequate for the accommodation of all normal business at the shipping station, and that the allegation in the complaint that the stock pens were all full of other stock when appellees' stock arrived was insufficient because it failed to allege that the accommodations were insufficient to accommodate the normal business at the Eureka Springs station. We deem it unnecessary to pass upon this question, as, in our opinion, the complaint sufficiently alleged other facts of negligence upon which to base a recovery. The complaint, in substance, alleged that appellees, on Tuesday before Saturday, November 22, 1919, engaged two cars to ship a car of cattle and a car of mixed stock on the 22d day of said month; that, relying upon the promise of appellant to furnish the cars, they purchased the cattle and drove them a distance of eighteen miles to the shipping pens of appellant at its station in Eureka Springs, arriving with the cattle after dark; that the stock pens and grounds around them were filled with cattle and hogs, and that they were advised by appellant to take their cattle across the track and a public road into an adjoining field until they could be loaded; that appellees were unable to get their stock out of the field across the railroad track and public road into the stock pens after they were vacated of the other stock therein on account of the darkness of the night; that they were required to keep their stock at the station several days before the same were shipped; that, by reason of the failure of appellant to deliver said stock upon the market at a reasonable time

after November 22, 1919, appellees were damaged, on account of extra expense, shrinkage in weight of cattle, downward break in the market and other causes, in the total sum of $696.62. The following is a verbatim copy of one of the allegations in the complaint: "By reason of the defendant company having failed, neglected and refused to provide a way for the shipment of plaintiff's stock on the 22d of November, 1919, and by reason of the failure of their stock to arrive upon the Kansas City market at a reasonable time when it should have arrived, immediately after the 22d of November, 1919, these plaintiffs have sustained a total loss as above itemized of $696.62." These allegations, in connection with the substance of others, amount at least to an allegation that appellant received the stock for shipment on the 22d day of November, 1919, and failed to ship them out for three or four days thereafter, from which act damage resulted to appellees. Unexplained, this was an unreasonable delay and constituted an act of negligence upon which to base an action for damages against a common carrier. The court did not therefore err in overruling the demurrer to the complaint.

Appellant's next and last insistence for reversal is that the evidence is insufficient upon which to establish any liability against appellant. The facts, in substance, are as follows: On the 18th day of November, 1919, appellees applied to appellant's agent at Eureka Springs for two cars to ship one car of cattle and a mixed car of stock on the 22d of November following. The evidence is in dispute as to whether the agent agreed to furnish two cars or whether he simply promised to do the best he could. In reliance upon the promise of the agent to furnish the cars, according to appellees' testimony, they purchased the stock in Benton County and brought it to Eureka Springs for shipment on said date, arriving at the stock pens at about 5:30 or 6 o'clock p. m. J. B. Mallory arrived in advance of the stock and obtained a shipping contract, or bill of lading, for one car and had the shipping contract or bill of lading filled out for the other

car to be delivered when one of his helpers by the name of Evans, who was to accompany the car to Kansas City, arrived. Bills of lading, or shipping contracts, for eight cars of stock were issued during the afternoon, four of which were upon orders for cars made subsequent to appellees' order or request for cars. During the afternoon appellee Mallory discovered that the stock pens and the grounds around same had been entirely occupied with cattle and hogs brought there for shipment. He talked to the agent as to where he should put his stock and was advised to put them in a field across the railroad and a wagon road from the stock pens, around which there was a very poor enclosure. The cattle and hogs on the ground near the stock pen were held by guy ropes and guards. Some of them got away before being loaded. After the darkness came on it was discovered by appellees that it was impossible to drive their cattle from the field in which they had been placed across the wagon road and over the railroad track or under a culvert through a running stream without a part of them escaping. They then notified the agent who had come on duty that it was impractical and impossible to load that night. The train to take the stock arrived at 4 a. m. Sunday morning. According to the evidence of appellees, only one car remained after all stock in the pens and immediately surrounding it had been loaded. Appellant's testimony was to the effect that they furnished appellees with two cars, which were refused by them. No other cars for shipping the cattle were furnished until about 4 o'clock the following Tuesday afternoon, after written notice had been given to the railroad demanding immediate shipment. The cattle did not arrive in Kansas City until Thursday morning, on Thanksgiving day, which was a national holiday, and could not be sold until the following day, and, when sold, were sold on a declining market. The evidence of appellant was to the effect that when appellees declined to attempt to load on Saturday night, or Sunday morning, they were informed that cars could not be furnished before Monday or Tues-

day. There was testimony on the part of appellees as to the amount of damages sustained on account of the delay in shipment, which exceeded the amount recovered.

This evidence sufficiently establishes the fact that the cattle were accepted for shipment on November 22, 1919, and were not shipped until late in the afternoon of the 25th day of said month. Giving the testimony offered by appellees its strongest probative force, it was impossible for them to load the cattle on Saturday night, or Sunday morning, and the cattle remained in the stock pens after the other cattle were shipped until late in the afternoon of the 25th of said month. It is the duty of a common carrier accepting live stock for shipment to ship and deliver same without unnecessary delay. A delay in the shipment of stock from Saturday until the following Tuesday is an unreasonable delay unless there was some good and sufficient cause to justify it. *St. L. & S. F. Rd. Co.* v. *Pierce,* 82 Ark. 353. The burden to establish the justification of a delay for such a length of time necessarily rests upon the common carrier. In the instant case, no cause was assigned by appellant for this unreasonable delay. There was evidence to support the verdict and judgment.

No error appearing, the judgment is affirmed.