WESTERN UNION TELEGRAPH COMPANY v. MOXLEY.

Opinion delivered July 9, 1906.

1. TELEGRAPH COMPANY—NOTICE OF CLAIM OF DAMAGES.—A stipulation in a telegraphic message that the telegraph company "will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission" is reasonable, and applies to claims under the statute for damages for mental anguish.     (Page 557.)

2. SAME—SUFFICIENCY OF NOTICE OF CLAIM.—Under a stipulation that a telegraph company will not be liable for damages or statutory penalty "where the claim is not presented in writing within sixty days after the message is filed with the company for transmission," the plaintiff must have presented his claim for damages within the time named, or the company will not be liable therefor; and, it is not sufficient that he notified the company of the facts constituting negligence.     (Page 558.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff, J. S. Moxley, resides in the city of Little Rock, Arkansas, and brought this suit in the circuit court of Pulaski County against the .defendant, Western Union Telegraph Company, to recover damages for alleged negligent failure to deliver a telegram sent to him from Cairo, Ill., acquainting him of the condition of his wife's father, who was seriously ill at Cairo. The message was in the following words.

"Cairo, Ill., June 13, 1903.
"J. S. Moxley, Little Rock, Ark.

"Mr. Robertson's condition same. You had better come at once.
     (Signed)     "A. H. STAEHLE."

Plaintiff testified that on June 12th, he communicated with his brother-in-law, Staehle, in Cairo, by long distance telephone, and the latter promised to telegraph him early in the morning of the 13th as to condition of his wife's father; that he made repeated inquiry for the message at defendant's office in Little Rock during the day and left his address at the office, but that the message was not delivered. The message was received at

the Little Rock office at 8:40 a. m. on the 13th, but was not delivered. Plaintiff also testified that he suffered great mental anxiety and anguish throughout the day, and started to Cairo that night without having received the message.

Defendant answered, denying the negligence and the mental anguish, and set up that the telegram was sent subject to the following conditions, which it alleged that plaintiff failed to comply with:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The plaintiff claims that he complied with the foregoing condition by mailing the following communication to defendant:

"Little Rock, Ark., July 7, 1903.

"Manager Western Union Telegraph Company,

"Little Rock.

"Sir: I beg to hand you herewith papers concerning the nondelivery of a message addressed to me, June 13, 1903. To state this case briefly, I will say that my wife's father was lying at the point of death, at Cairo, Ill. On June 12th I communicated with Cairo by means of the long distance 'phone, and my brother-in-law, A. F. Staehle, advised me that he would wire me early in the morning of the 13th as to the condition of my wife's father. Knowing that the wire would be here for me, I made every effort possible to get it, as you will note from the reference attached to the copy of telegram. I called twice personally, twice by 'phone and sent a note by one of your messenger boys at 1:20 p. m., but all without result. Not having heard anything at 6:30 p. m. I was forced to use the long-distance telephone, at a cost of $1.05, after having had a day of suspense and one of extreme worry of my life. The nondelivery of this message caused much annoyance, and I would thank you to look into the matter, and ascertain and advise me who is at fault. The whole trouble appears to be at this end of the line. In addition to locating the trouble, will say that I shall also expect to have the cost of the message refunded, as well as the amount expended for long-distance conversation.

"Will you kindly give this your careful consideration, and advise at the earliest date practical?

"Very respectfully,

"J. N. MOXLEY."

He testified that when he mailed this letter he did not know that he was entitled to recover for mental anguish by way of damages.

There was a jury trial, and verdict in favor of plaintiff for $300.

*Geo. H. Fearons* and *Rose, Hemingway & Rose,* for appellant.

1.   The message was sent subject to the sixty-day clause, which appeared on the message both as sent and received.   No demand for damages, save for the cost of the message, having been made within the sixty days, plaintiff can not recover in this action.   54 Ark. 221; 62 Pa. St. 83; 65 N. Y. 163; 57 Wis. 562; 33 Minn. 227; 95 Ind. 93; *Ib.* 228; 17 Mo. App. 257; 57 Kan. 230; 56 Mo. App. 192; 63 Tex. 27; 79 Tex. 65; 39 Fed. 181; 11 Col. 335; 117 N. C. 436; 7 S. Dak. 623; 94 Tenn. 422; 33 S. W. 89; 66 N. W. 1040; 25 So. 910; 63 S. W. 172; 113 Ga. 1017; 136 Fed. 499.

2.   Only a blood relative can recover for injuries to feelings unless it is affirmatively shown that the telegraph company was advised of the existence of affection between relatives by marriage.   88 Tex. 94; 30 S. W. 896; 30 S. W. 298; 34 S. W. 649; 39 S. W. 198; 54 S. W. 830; *Ib.* 829; 31 So. 78; 75 S. W. 482.

3.   Plaintiff having reached the bedside of his father-in-law before his death and while he was still conscious, there was no basis for a recovery of more than nominal damages.   75 Tex. 26; 10 Tex. Civ. App. 226; *Ib.* 229; 91 Tex. 206; 44 S. W. 538; *Ib.* 744; 59 S. W. 1127; 67 S. W. 515.

*J. H. Harrod,* for appellee.

1.   Appellee's letter of July 7th entirely accomplished the purpose of the sixty-day clause, and gave the company fair opportunity to investigate the case.   95 Tex. 638.

2.   The act under which this suit was brought is not limited in its application to relations by blood or to relations of any kind. Kirby's Digest, § 7947.

3. That appellee afterwards saw his father-in-law alive and conscious can have no bearing on the mental anguish he sustained while waiting for the telegram, nor mitigate the damages.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant in reply.

Moxley's letter presents no *claim* for mental anguish, and is clearly no compliance with the contract. 68 S. W. 549; 82 S. W. 484.

*Geo. H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant on rehearing.

The sixty-day limitation in the contract is this: "The company will not be liable for damages or statutory penalties in any case where the *claim* is not presented in writing within sixty days after the message is filed with the company for transmission." It is upheld, 54 Ark. 221, as a reasonable stipulation. If it is enforced, it should be enforced as it is written. Appellant is entitled to have the term "claim," as used in the stipulation, given its reasonable meaning. For interpretation, see 87 Me. 231; 32 Atl. 887. The stipulation requires, not merely that the telegraph company be notified of the delay, but that the claim of the aggrieved party be set forth with sufficient clearness to show *what damages he claims.* 68 S. W. 549; 94 Tenn. 448; 58 Ill. App. 564; 34 S. W. 783.

McCULLOCH, J., (after stating the facts.) 1. Appellant contends that appellee is barred from recovery by failing to comply with the condition requiring presentation of claim for damages within sixty days.

This stipulation has been held to be valid by this court in *Western Union Telegraph Co.* v. *Dougherty,* 54 Ark. 221, and is generally upheld as reasonable by the courts of the country.

We have said in *Western Union Tel. Co.* v. *Ford,* 77 Ark. 531, and *Arkansas & La. Ry. Co.* v. *Lee,* 79 Ark. 448, that suits against telegraph companies in this State to recover for mental anguish caused by negligence in failing to receive, transmit or deliver messages are not dependent upon contract, but that the right of action is conferred by the statutes of this State. This does not mean, however, that the service in transmitting and delivering the message rendered by the telegraph company is not performed under contract, and

that the contract may not contain reasonable stipulations which will bind the sender and also the addressee for whose benefit it is sent. On the contrary, we hold that the stipulation, which is reasonable, applies to claims under the statute for damages for mental anguish.

The stipulation does not, however, require the amount of the damages claimed to be asserted in the notice to the company. A reasonable interpretation of the stipulation is that it requires only notice to the company of the negligence of its servants in failing to receive, transmit or deliver the message. Its object is to require notice of the negligent act to be given so that the company may have an opportunity to investigate and ascertain whether or not its servants have been negligent, as claimed.

As was said by the Supreme Court of North Carolina in *Sherrill* v. *Telegraph Co.,* 109 N. C. 527: "It is a reasonable requirement, enabling the company to inquire into the nature and circumstances of a mistake in or of the delay or non-delivery of the message while the matter is still within the memory of the witnesses. In view of the number of telegrams constantly passing over the wires, some such stipulation is absolutely necessary to protect the company from imposition. It is not a statute of limitations restricting the time within which action may be brought."

This is the interpretation placed by this court upon a similar stipulation in a railroad bill of lading. *Kansas & A. V. Rd. Co.* v. *Ayers,* 63 Ark. 331. The notice given by appellee fully apprised the company of the alleged negligence and asserted a claim for damages. He did not then claim damages for mental anguish for the reason, as he states, that he did not know that the law allowed such damages. This omission did not preclude him from thereafter claiming such damages.

2. It is urged by appellant that damages can not be recovered for mental anguish concerning those not related by ties of blood, unless at the time of sending the message notice was given to the company, in the face of the message or otherwise, of the existence of such relationship as would give rise to mental suffering in the event of delay in the delivery of the message. Counsel argue that this principle must follow from an application of the rule in *Hadley* v. *Baxendale,* 9 Exch. 354, which is held

by this court to apply to contracts for transmission and delivery of telegraphic messages. *W. U. Tel. Co.* v. *Short,* 53 Ark. 434. Cases are brought to our attention holding that, even though the message gives notice on its face that it concerned sickness or death of another and contains a summons to the addressee, still there can be no recovery for mental anguish by one not related by blood unless the company was notified of the relationship which would give rise to the mental anguish. This is the doctrine of the Texas courts. *W. U. Tel. Co.* v. *Coffin,* 88 Tex. 94. That court has also held that an uncle could not recover for mental anguish caused by failure to promptly deliver a telegram containing information of the illness of his niece and summoning him to attend, because there was no notice to the company that the relationship was such as might cause mental suffering on account of delay in delivering the message. *W. U. Tel. Co.* v. *Wilson,* 75 S. W. 482. The doctrine announced by those cases does not commend itself to our aproval. The rule in *Hadley* v. *Baxendale* can not be extended further, in this class of cases, than to hold that, before the company can be made to respond in damages for mental anguish inflicted by negligent delay in transmission or delivery of a message, it must have notice of the facts from which it may reasonably be inferred that such damages may result from delay. Where the message upon its face gives notice of a state of facts, as of physical injury, illness or death, from which the company may fairly infer that mental anguish will result to the sender or addressee from delay in its transmission or delivery, then the company will be liable for negligent delay. Special notice that the relationship between the parties is such that delay will cause mental anguish is unnecessary. *Cashion* v. *Telegraph Co.,* 124 N. C. 459. In *Lyne* v. *Telegraph Co.,* 123 N. C. 129, it was held that where a telegram relates to sickness or death it is not necessary to disclose to the company the relation of the parties, as there is a common sense suggestion that it is important, and that mental suffering to some one will result from delay.

The fact that a message is sent relating to death or illness is sufficient to reasonably indicate that the addressee is interested by ties of affection in the person about whom the message relates. The message in the case at bar evidently relates to the

physical condition of plaintiff's father-in-law, and contains the admonition, "You had better come at once." Taking a common sense view of its language, no other interpretation could have been put upon the message than that it meant to convey the information that Mr. Robertson's physical condition remained unchanged since the last communication, and that the plaintiff was interested in him by ties of affection, and should go to him at once. The message could hardly be understood to mean anything else.

3. Appellant also contends that, because the plaintiff reached the bedside of his father-in-law before the death or loss of consciousness of the latter, there can be no recovery. The question was properly submitted to the jury to determine whether or not the plaintiff sustained mental anguish on account of the delay. He and his wife were in Little Rock awaiting a summons to the bedside of her father, Mr. Robertson, who was ill in Cairo, Ill. He communicated with his brother-in-law, Staehle, in Cairo at night, and ascertain the critical condition of Mr. Robertson, and that four physicians were then consulting as to his condition. Staehle promised to telegraph him early the next morning as to Mr. Robertson's condition and advise him whether or not to go. He awaited the message anxiously all the next day, and made repeated inquiries at the telegraph office. He says that he spent a day of extreme worry and anxiety on account of failing to get the message, and was delayed twelve hours in getting to the bedside of the sick. It is true that he reached there before death occurred, and returned to Little Rock, after some days, before death occurred, but he suffered, nevertheless, during the period of the delay in delivering the message and the delay in reaching the bedside of the sick with his wife. How much he suffered, was a question for the jury. We can not say that $300 was too much to allow.

Judgment affirmed.

### ON REHEARING.

Opinion delivered November 19, 1906.

RIDDICK, J. A majority of us have concluded that the motion to rehear in this case should be sustained. As stated in the

former opinion, the telegram in this case was sent on the following condition:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The court in the former opinion said that this was a valid stipulation, binding on both the sender of the telegram and the person to whom it was addressed. The question was whether it had been complied with. The facts in short are that the telegraph company was guilty of negligence in failing to deliver the telegram, and the plaintiff wrote the company a letter in reference to this negligence, which letter is set out in the statement of facts. On the former hearing we held that this letter was a sufficient presentation of the claim of plaintiff. Mr. Justice McCulloch, who delivered the opinion of the court, said that the stipulation does not require the amount of the damages claimed to be inserted in the notice to the company, and that "a reasonable interpretation of the contract is that it requires only notice to the company of the negligence of its servants in failing to receive, transmit or deliver the message." Under that view of the matter the letter written by the plaintiff was sufficient, for it gives ample and specific notice of the negligence of the defendant's employees. I concurred in that conclusion, but after further consideration of the matter I think that this conclusion was not correct, and that this stipulation requires something more than a notice of negligence.

The language of the stipulation is, not that notice of negligence shall be given, nor even that notice of the claim shall be given, but that the company will not be liable in any case "where the claim is not presented within sixty days." It will be observed that not notice but the presentment of the claim is required.

It seems clear that the meaning of this is that the plaintiff shall present his claim for damages within the time named, or the company will not be liable therefor, and the courts so hold. *Manier* v. *Western Union Tel. Co.*, 94 Tenn. 448; *Western Union Tel. Co.* v. *Murray*, 68 S. W. 549. As to the reasons on which such stipulations are based, see *Express Co.* v. *Caldwell*, 21 Wall. 64. There is a clear distinction between a notice of negli-

80—36

gence and a claim for damages. It is no doubt often the case that notice is given to this company concerning the negligence of its employees in transmitting and delivering telegrams and complaint made thereof without any thought of making a claim for damages.

A mere notice to the company that its employees have been negligent, with the circumstances thereof, is a very different thing from a presentment of a claim for damages based on such negligence, and to hold that a stipulation which requires a presentment of the claim for damages in writing is satisfied by a notice of negligence on which the claim is based would do violence to the language used, and be in effect making a different contract between these parties. It may be that notice of the negligence would be as beneficial to the company as a presentment of the claim, but the parties have contracted for the one and not the other, and we have no right to say that the company must be satisfied with something other than a presentment of the plaintiff's claim because we think the other could subserve the same purpose. The company has the right to stand on its contract. The contract stipulates that the defendant shall not be liable for damages unless a claim therefor was presented in writing within sixty days after the message was filed, and plaintiff's case fails unless he shows such presentment.

Now, a reference to the letter addressed by plaintiff to the manager of the defendant company will show that, after calling attention to the non-delivery of the telegram with the circumstances thereof, and the suspense and worry it caused him, he requests that the manager investigate and ascertain and advise plaintiff who is at fault. He then proceeds as follows: "In addition to locating the trouble, will say that I shall also expect to have the cost of the message refunded, as well as the amount expended for long-distance conversation." The language quoted contains the only claim for damages made in the letter, and, so far as it goes, complies with the stipulation in the contract that the claim must be presented in writing. But it does not go far enough to include a claim for mental suffering, for the claim is expressly limited to the cost of the message and "the amount expended for long-distance conversation."

The decision in *Kansas & A. V. Rd. Co.* v. *Ayers,* 63 Ark. 331, is not in conflict with our decision in this case, for in that case

there was a notice given of a claim for damages, though the amount of the damages claimed was not stated, while in this case not only was no claim for damages presented, but no notice was given that plaintiff would claim damages for anything beyond the cost of the message and the telephone charges. Besides, the stipulation in the contract and the other circumstances in that case were, we think, different from those before us in this case.

The majority of us are of the opinion that the only claim presented by plaintiff to defendant within the sixty days was expressly limited to the items above referred to, and that the defendant company under its contract is not liable for damages beyond those items. We therefore conclude that the evidence does not sustain the judgment. As this disposes of the case, we need not notice the other points made.

Judgment reversed and cause remanded for a new trial.

Chief Justice HILL and Justice McCULLOCH dissent for reasons stated in former opinion.