## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* WILLIAMS.

### Opinion delivered January 8, 1912.

CARRIERS—LOSS OF FREIGHT—CLAIM FOR LOSS.—Where a bill of lading stipulated that "claim for loss, damage or delay must be made in writing to carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed," a failure to present a claim for loss of freight within the specified time releases the carrier.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

Appellee is not entitled to recover because of his failure to comply with that clause of the contract of shipment providing that "claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin

within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed, etc. This is a reasonable requirement, and failure to comply with it precludes recovery. 67 Ark. 407; Hutchinson on Carriers, (3 ed.), § 442; 90 Ark. 308. And such stipulation is not invalidated by the "Hepburn Act." 89 Ark. 404.

*J. S. Holt,* for appellee.

It is not necessary to give the written notice of claim for loss or damage where the carrier already had all the information possible to obtain concerning it. 63 Ark. 336. Appellant waived its right to insist on the enforcement of the clause relied on. The evidence shows that verbal notice was given the company a number of times at Hartford, and that appellee had the agent at Roswell to trace the goods. 89 Ark. 157; 9 S. W. 698; 58 S. W. 31; 16 S. W. 441.

McCULLOCH, C. J. This is an action instituted by appellee to recover the value of a box of articles consigned as household goods over appellant's railroad and alleged to have been lost in transit. Appellee shipped four boxes from Roswell, New Mexico, to Hartford, Arkansas, over the Eastern Railway Company of New Mexico as the initial carrier, and which were delivered to appellant company as connecting carrier at Amarillo, Texas, for transmission to Hartford. One of the boxes, which contained the articles described in the complaint, was lost by appellant's servants, and was never delivered. The box contained household goods consisting of silverware, china, cut glass, and ten sofa pillows, and also appellee's uniform as a member of a certain fraternal order. The value, as proved at the trial, aggregated the sum of $538.63, and appellee recovered judgment below for that amount.

The bill of lading issued by the initial carrier contained the following clause as one of the conditions upon which the consignment was accepted:

"Claim for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made, the carrier will not be liable."

Nonperformance of this condition was pleaded by appellant in its answer, and according to the uncontradicted testimony appellee failed to comply with the provision. Appellant's agent at the point of delivery was apprised of the loss of the box, and demand was made upon him for its delivery, but no claim for damage, either in writing or otherwise, was ever presented, either at the point of delivery or at the point of origin. The action to recover damages was instituted about eight months after the time that the consignment should have been delivered. Counsel for appellee contends that, inasmuch as appellant's agent at the point of delivery knew that the box was lost, the presentation of a claim was unnecessary, and in support of this contention he relies upon the decision of this court in *Railway Company* v. *Ayers,* 63 Ark. 331. The recent case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Cumbie, ante* p. 172, is in line with the Ayers case. But there is a broad distinction between those cases and the present one. In the former cases, the requirement was that notice of damage should be given, and this court held that formal notice was unnecessary where the carrier received notice of the facts from other sources. The Ayers case was an action to recover the value of live stock which died in transit and were found dead in the car by the carrier's agent at the point of delivery. Judge HUGHES, speaking for the court, said:

"The cattle that were found dead in the car before the stock were removed and mingled with other cattle are not within this provision of the contract as to notice. The object in requiring the notice by the shipper of his intention to claim damages to be given before the cattle were removed and mingled with other cattle was to afford the railway company a fair opportunity to examine the cattle before they were removed and mingled with the other cattle. As to these that were dead, the company had all the opportunity it could have had to examine them."

In the present case the requirement is not merely for notice to the carrier that damage has resulted, but it is that the claim for the "loss, damage or delay" shall be presented within the stipulated time. The purpose of the requirement is to give the carrier timely opportunity to investigate the claim for damage after the same has been presented. This involves the right to

investigate the contents of lost packages and the value of lost articles as well as the facts bearing upon the question of its liability. The distinction is clearly pointed out by Judge RIDDICK in the opinion of the court in *Western Union Telegraph Co.* v. *Moxley,* 80 Ark. 554, and we are of the opinion that that decision is conclusive of the present case. It was held in that case that, where the contract required the presentation of claim for damages within a specified time, this requirement was not satisfied merely by giving notice of the negligence of the company's servants. This court has in several cases held that a provision of this kind is reasonable and enforceable where sufficient time is given for presenting the claim or notice. *St. Louis & San Francisco Rd. Co.* v. *Hurst,* 67 Ark. 407; *St. Louis, I. M. & S. Ry. Co.* v. *Furlow,* 89 Ark. 404; *St. Louis & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308. And in the last two cases cited above the court held that such stipulation in a contract was not invalidated by the act of Congress making the initial carrier of an interstate shipment liable for loss of a consignment.

Other questions are raised in the case, which need not be passed upon, inasmuch as appellee's failure to present his claim within the stipulated time is conclusive of his right to recover. Judgment reversed, and cause dismissed.