CUMBIE *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered October 28, 1912.

1. PLEADING—AMENDMENT—DISCRETION OF COURT.—It was not an abuse of discretion to refuse to permit plaintiff to amend his complaint several days after the cause of action had been dismissed. (Page 410.)

2. SAME—AMENDMENT—DISCRETION OF COURT.—The court did not err in refusing to allow an amendment to the complaint which in the court's view would have rendered the complaint inconsistent and contradictory. (Page 410.)

3. CARRIERS—REASONABLENESS OF REGULATION—QUESTION FOR COURT.—The act of April 30, 1907, § 3, p. 558, provided that it shall be lawful for railroads to prescribe rules and regulations for the transportation of merchandise, live stock and other freight that are reasonable and not inconsistent with the common law or statutory duties and liabilities of railroads as common carriers; and that "the reasonableness or unreasonableness of such rules and regulations mentioned in this section shall be determined by a jury in all cases where the same becomes an issue before any court." *Held,* that the latter provision has no application where the facts are undisputed upon which the issue of reasonableness or unreasonableness is predicated. (Page 410.)

4. SAME—INJURIES TO GOODS—NOTICE.—A provision in a bill of lading of fruit that a written notice of intention to claim damages should be presented to the carrier within thirty-six hours after notice to the consignee of arrival of the fruit at the place of delivery is not unreasonable, as it is the consignor's duty to have the consignee or an agent at the destination to ascertain the condition of the fruit. (Page 411).

5. SAME—INJURIES TO GOODS—NOTICE.—Provisions in a bill of lading requiring a written notice of intention to claim damages are not limitations upon or exemptions from liability, but merely conditions precedent to recovery, and such notice is not necessary where the carrier has examined and knows the condition of the goods upon their arrival at their destination. (Page 413.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

### STATEMENT BY THE COURT.

This was a suit by the appellants against the appellee to recover damages for loss to a shipment of peaches which appellants allege in their complaint were delivered to the appellee at Greenwood, Arkansas, for shipment to St. Joseph, Missouri, and that through the negligence of appellee in carrying out its contract, (which alleged acts of negligence are specifically set out in the complaint), plaintiffs were damaged, for which the appellants pray judgment.

The complaint in the present case is, in all essential particulars except the amendment to paragraph 1, similar to that which was held sufficient in *St. Louis, I. M. & S. Ry. Co. v. Cumbie,* 101 Ark. 172. The amendment to paragraph 1 of the complaint is as follows:

"That after said peaches were accepted for shipment by the defendant and had been loaded into said car for shipment, and without further consideration passing, the defendant issued and delivered a receipt or bill of lading therefor and delivered the same to R. C. Cumbie. That a copy thereof is hereto attached and marked Exhibits A and B. That the defendant used no other form of receipt, and would not have given plaintiff a different one, and that plaintiff paid full rates upon said shipment. That said writing contained a clause providing that in case of damage to said fruit the consignee should give notice to the delivering carrier of an intention to claim damage therefor within thirty-six hours after notice of arrival of the freight at the place of delivery. That said clause was inserted therein without the consent of plaintiff, or the owners of said peaches or of the said J. B. Paine, consignee thereof. That said provision was unreasonable in this, towit: That the owners of said fruit lived at Greenwood, Ark., when said peaches were shipped and when the same arrived at St. Joseph, Mo.; that it was more than thirty-six hours before the same could be examined in the regular course of business and the damage found; that the consignee thereof was at Van Buren, Ark., at the time, and had hundreds of cars of peaches in transit to different points of destination from Denver, Col., to New York, N. Y., and was obliged to obtain the same from the delivering carriers to commission merchants who were mere selling agents, and had no

authority, and who, in this case, had no knowledge of the condition of said peaches when loaded by the initial carrier, and who had no knowledge or information that the same had been damaged in transit, and had been damaged through the fault and negligence of any of the carriers, and had no means of knowing of the intention of the consignee thereof or of the owners thereof to claim damage therefor; that the consignee could not give said notice within said time for the reason that he did not know within said time that the same had been damaged; or of the real condition of the peaches when accepted for shipment or upon arrival; that the time was unreasonably short; that the delivering carrier examined said peaches upon arrival and knew for itself the condition of the consignment on arrival; that the defendant, the general agent for fruit shipments, C. F. Carstarphen, and its local agent at Greenwood, Ark., L. W. Rhodes, knew of the foregoing material matters; that by reason of delay in arrival of said peaches at their destination as aforesaid the market value thereof declined $1.00 per crate before their arrival, and plaintiff was damaged said amount by reason thereof."

A demurrer was interposed to the complaint, containing nine grounds, the sixth of which is as follows: "There is no allegation of a compliance with the terms of the written contract to any paragraph of plaintiff's complaint; that the bill of lading provided: 'Claims for damages must be reported by consignee in writting to the delivering line within thirty-six hours after the consignee had been notified of the arrival of the freight at place of delivery. If such notice is not there given, neither this company nor any of the connecting or intermediate carriers shall be liable.' " The seventh ground raised practically the same question as the sixth ground, copied above. The court sustained the demurrer, among others, on the sixth and seventh grounds, and dismissed the complaint. Several days after the complaint had been dismissed, the appellants offered certain amendments, which the court refused to allow, and appellants had their exceptions noted to the ruling of the court in refusing to allow these amendments. They also duly expected to the ruling of the court in sustaining the demurrer and dismissing their complaint, and have duly prosecuted this appeal.

*Robert A. Rowe, Rowe & Rowe* and *C. A. Starbird,* for appellant.

1.  The provision in the bill of lading for notice of claim for damages within thirty-six hours after the consignee has been notified of the arrival of the freight at the place of delivery is not a condition precedent to the right ôf the shipper to recover, but is a mere limitation upon that right which is a matter of defense, the burden of pleading and proving which is on the defendant.  1 Hutchinson on Carriers, § 447, and cases cited; 14 Am. & Eng. Ann. Cases, 414; 108 S. W. 1032; 113 S. W. 6; 122 App. Div. 10; 106 N. Y. S. 702.

The validity of such a provision depends in any event upon its reasonableness; and where it is prohibited, as in our State, by statutory enactment, it is void.  Acts 1907, pp. 557-8 §§ 1, 2, 3 and 4; 90 Ark. 312.  The reasonableness of such a provision must be determined from all the facts and circumstances of each particular case.  *Id.*; 67 Ark. 407; 165 Ill. 78; 41 Ill. App. 608; 54 Miss. 566; 180 U. S. 49; 67 Tex. 166; 70 Tex. 611; 75 O. St. 249; 9 Am. & Eng. Ann. Cases 15; 1 Hutchinson on Carriers, § 452; *Id.* § 443; 58 Ark. 138; 59 Fed. 879; 132 Fed. 52.  Carriers may waive such condition. 1 Hutchinson on Carriers, § 444, and authorities cited; 70 Ark 401; 69 Ark. 256, 257.

2.  In an action to recover damages for deterioration in a fruit shipment caused by the negligent failure of the company to properly ice the cars, etc, a complaint which alleges amongst other things that the delivering carrier examined the fruit and knew for itself the condition of the shipment on arrival, and that the defendant carrier, its general agent for fruit shipments and its local agent at the initial point of shipment knew all of the material matters alleged, is good on demurrer, since under such conditions notice under the thirty-six hour provision would not be necessary.  63 Ark. 331; 38 S. W. 515; 8 Kan. App. 642; 56 Pac. 538; 89 Pac. 903; 68 Ark. 218; 57 S. W. 258; 68 Ark. 218; 67 Ark. 407; 60 Miss. 1017; 62 Mo. App. 1; 34 *Id.* 98; 23 *Id.* 50; 25 S. W. 142; 86 Tenn. 198, 97 Va. 248; 68 Mo. 268; 65 Mo. 629.

3.  The court should have allowed the amendment after sustaining the demurrer.  Kirby's Dig., § 6145.

*Thos. B. Pryor*, for appellee.

1. Appellants can not avoid the effect of the provision in the contract providing for notice within thirty-six hours of any claim for damages by pleading that that clause was inserted without the consent of the owners of the fruit. 50 Ark. 406. •

2. The giving of the notice provided for in the contract was a condition precedent to the right of recovery, and an allegation in the complaint of a compliance therewith was essential. 90 Ark. 308; 82 Ark. 357.

3. There was no abuse of discretion in refusing plaintiffs leave to amend after the demurrer was sustained, especially where the amendment offered was in direct conflict with the former complaints filed.

WOOD, J., (after stating the facts). 1. Conceding, without deciding, that the amendments tendered contained subject-matter germane to the cause of action set up in the original complaint, the court nevertheless did not abuse its discretion in refusing to allow these amendments to be made at the time when they were offered. Appellants did not offer to amend the complaint until several days after the cause of action had been dismissed.

The court, in sustaining the demurrer and dismissing the complaint for the reasons set forth in the sixth and seventh grounds of the demurrer thereto, held that there was no allegation of a compliance with the terms of the written contract set up in the complaint. Having so decided, the court did not err in refusing to allow an amendment which, in the court's view of the complaint, would have rendered the same inconsistent and contradictory.

The only question we now decide with reference to these amendments is that the court did not abuse its discretion in refusing to allow them at the time they were offered. As the case must be reversed for reasons hereinafter stated, if counsel are so advised, they may offer and obtain a ruling of the lower court on these amendments at the next hearing.

2. The question presented by the court's ruling on the sixth and seventh grounds of the demurrer is whether or not appellants allege in their complaint facts sufficient to show a compliance on their part with the contract of shipment,

as set up in their complaint, which provides that "in case of damage to said fruit that the consignee thereof shall give notice to the delivering carrier of an intention to claim damages therefor within thirty-six hours after notice of the arrival of the freight at the place of delivery."

The appellants did not allege in their complaint that they complied with this provision of the contract by giving the written notice specified therein, but they allege that the provision requiring written notice was unreasonable, and set out facts which they say show it to be an unreasonable provision. The facts as alleged must be taken on demurrer as uncontroverted. It therefore becomes a question of law as to whether these facts are sufficient to show that the provision is or is not unreasonable, and not an issue to be submitted to the jury under the provisions of the act approved April 30, 1907, requiring "the reasonableness or unreasonableness of such rules and regulations to be determined by a jury." That provision can have no application in cases where the facts are undisputed upon which the issue of reasonableness or unreasonableness is predicated. See *Kansas & Arkansas Valley Ry. Co.* v. *Ayers*, 63 Ark. 332.

Without repeating here the facts alleged in the complaint to show that the provision for written notice was unreasonable, it is sufficient to say that in our opinion these facts are not sufficient to show that the provision was unreasonable. The fact that the owners of the fruit shipped lived at Greenwood, and the destination of the fruit was at St. Joseph and other distant points out of the State where the goods were consigned, would not show that the provision for notice was unreasonable, nor would the fact that the consignee was at Van Buren, Arkansas. The fact that the consignor and the consignee depended upon commission merchants at points of destination to receive the shipments for them, and that these commission merchants had no knowledge of the condition of the peaches when loaded, and no knowledge that they had been damaged by the carrier in transit would not be sufficient. If the consignor or the consignee could not themselves be at the points of destination so as to obtain the necessary knowledge of the condition of the peaches when delivered to enable them to give notice of an intention to claim damages therefor in

case of damage or loss, they would have to have agents at such points of consignment, and could give such notice within the time prescribed. *Arkadelphia Milling Co.* v. *Smoker Mdse. Co.*, 100 Ark. 37; *Chicago, R. I. & P. Ry. Co.* v. *Neusch,* 99 Ark. 568; *St. Louis, I. M. & S. Ry. Co.* v. *Townes,* 93 Ark. 430.

It would be the consignor's duty to have either the consignee himself at the point of destination or to have some agent there representing him to whom the delivery could be made, and who could ascertain the condition of the shipment when it arrived at its destination, and who could give the notice required by the contract. Thirty-six hours after notice of arrival for notice of a claim for damages is not an unreasonably short time for the consignee to receive all the information necessary as to the damage he has sustained, if any, and to give written notice of an intention to claim such damage to the delivering carrier.

Mr. Hutchinson, in his work on Carriers, (3 ed.), § 442, says: "The object of conditions of this character, it is said, is to enable the carrier, while the occurrence is recent, to better inform himself of what the actual facts occasioning the loss or injury were, and thus protect himself against claims which might be made upon him after such lapse of time as to frequently make it difficult, if not impossible, for him to ascertain the truth. It is just, therefore, that the owner, when the loss or injury has occurred, should be required, as a condition precedent to enforcing the carrier's liability, to give notice of his claim according to the reasonable conditions of the contract."

We quoted the above from Mr. Hutchinson in the case of *St. Louis & San Francisco Rd. Co.* v. *Keller,* 90 Ark. 308. In the latter case the contract for notice provided that "no carrier shall be responsible for loss or damage of any of the freight shipped unless it is proved to have occurred during the time of its transit over the particular carrier's line, and of this notice must be given within thirty hours after the arrival of the same at destination. No carrier shall be responsible for loss or damage to property unless notice of such loss or damage is given to the delivering carrier within thirty hours after delivery."

The court, in discussing this provision, made no distinc-

tion between the provision requiring notice for loss or damage and one requiring notice of an intention to claim damage, but treated such provision as meaning the same thing, as shown by the authorities cited and the language of the opinion. In the above case it was held that such a provision in the contract is "a condition of recovery and not an exemption from liability." "Its effect," says Judge FRAUENTHAL, speaking for the court, "is to require the one who has the peculiar knowledge to inform the other who has not that knowledge to seek the facts while they exist, so that the facts may be obtained and presented by both sides; its effect is therefore to uphold and enforce rights if they are founded on truth, and not to limit or defeat those rights." And, continuing, he says, "This court has uniformly upheld and enforced similar provisions in contracts of common carriers where the same, under the circumstances of the case, were reasonable and the damages occurred during the actual transportation of the goods;" citing many cases of this court where the provision of the contract required "notice of intention to claim damages" to be given in writing, etc.

So, under our decisions, it makes no difference whether the provision of the contract requires written notice "of loss or damage" to be given, or whether the language of the contract provides for written notice of an "intention to claim" for loss or damage. Under our decisions, the purport of these provisions is the same, have the same legal effect, and are not limitations upon or exemptions from liability of the carrier, but are only conditions precedent to recovery. *St. Louis, I. M. & S. Ry. Co.* v. *Furlow*, 89 Ark. 404; *St. Louis, I. M. & S. Ry. Co.* v. *Keller, supra.*

It is alleged, in the concluding portion of the amendment to the complaint, that "the delivering carrier examined said peaches upon arrival and knew for itself the condition of the consignment on arrival. That the defendant, the general agent for fruit shipments, C. F. Carstarphen, and its local agent at Greenwood, Ark., L. W. Rhodes, knew all of the foregoing material matters."

In *Kansas & Arkansas Valley Railway Co.* v. *Ayers, supra,* there was a shipment of cattle under a contract which contained a provision for notice similar to the one at bar.

The proof showed that the notice in writing was not given. The agent at the depot where the cattle were delivered saw the cattle and knew that some of them were dead, and that they were in a bad shape generally, but he did not know and was not informed that any claim would be made for damages. The court, in passing upon the question as to whether written notice of damage for the dead cattle was required, said: "The cattle that were dead in the car before the stock was removed and mingled with other cattle were not within this provision of the contract as to notice. The object of requiring the notice by the shipper of his intention to claim damages to be given before the cattle were removed and mingled with other cattle was to afford the railway company a fair opportunity to examine the cattle before they were removed and mingled with other cattle. As to those that were dead, the company had all the opportunity it could have had to examine them."

Under the doctrine of the above case, it was not necessary as a condition of recovery that the appellants give appellee written notice of an intention to claim for damages to the peaches if the delivering carrier, through its agents, examined and knew the condition of the peaches while in its possession after their arrival at their destination. The complaint alleged such knowledge on the part of the carrier, and hence, in this respect, stated facts sufficient to show that the written notice was unnecessary. Where the facts stated show that the delivering carrier has actual knowledge of all the conditions that a written notice could give it, then written notice is not required, and a provision requiring it under such circumstances would be unreasonable.

Appellee relies upon the recent case of *Chicago, Rock Island & Pacific R. Co.* v. *Williams*, 101 Ark. 436, to sustain its contention as to the alleged failure of the appellee to comply with provisions of the contract as to notice. But appellant fails to observe the distinction between the Williams case and the cases of *Kansas & Arkansas Valley Ry. Co.* v. *Ayers* and *St. Louis, I. M. & S. Ry. Co.* v. *Cumbie*, 101 Ark. 172. The present case is controlled by the rule in the latter cases. In the Williams case the provision requires that the claim for the loss, damage or delay should be made within four months. The language of the

contract in that case contemplated the presentation of a formal claim for damages, specifying what was lost or damaged and the amount thereof, etc.   But here, as we construe the language of the contract, it only requires that the consignee report that he has sustained loss or damage and his intention to claim therefor; but it does not contemplate the presentation within the short time of thirty-six hours of the formal claim, as required in *Chicago, R. I. & P. Ry. Co.* v. *Williams, supra.*   If such were the case, the provision as to time might be considered unreasonable.   Whereas, as the provision is only for notice that damage has resulted, and requiring that the consignee report that fact, it is not unreasonable.   The distinction between the cases is pointed out by the Chief Justice in *Chicago, R. I. & P. Ry. Co.* v. *Williams*, as follows:

"In the present case the requirement is not merely for notice to the carrier that damage has resulted, but it is that the claim for the loss, damage or delay shall be presented within the stipulated time.   The purpose of the requirement is to give the carrier timely opportunity to investigate the claim for damage after the same has been presented.   This involves the right to investigate the contents of lost packages, the value of lost articles, as well as the facts bearing upon the question of its liability.   The distinction is clearly pointed out by Judge RIDDICK in the opinion of the court in *Western Union Tel. Co.* v. *Moxley*, 80 Ark. 554, and we are of the opinion that that decision is conclusive of the present case."

The court therefore erred in sustaining the demurrer, and for this error the judgment is reversed, and the cause is remanded with directions to overrule the demurrer and for further proceedings.