Missouri & North Arkansas Railroad Company *v.* Ward.

Opinion delivered January 19, 1914.

1. Carriers—stipulation as to notice of damages.—A stipulation in a bill of lading requiring the shipper to give notice of damages to freight, is reasonable. (Page 104.)

2. Carriers—stipulation as to time for bringing suit.—A stipulation in a bill of lading that a suit against a carrier will be barred within six months after cause of action accrues is reasonable. (Page 105.)

3. Carriers—live stock shipment—validity of limitation.—Stipulations in a contract for shipment of live stock that written notice of any damage to the same must be given to the carrier within one day, and that suit must be commenced within six months for such damages, are not in conflict with the provisions of Act No. 239, Acts of 1907, page 557, prohibiting common carriers from abridging and limiting their statutory and common law liabilities by contracts, rules and regulations. (Page 107.)

Appeal from Boone Circuit Court; *George W. Reed,* Judge; reversed.

*W. B. Smith, J. Merrick Moore, Troy Pace* and *H. M. Trieber,* for appellant.

The court erred in sustaining plaintiff's demurrer, which was a general one, if either one of the two paragraphs of defendant's answer set out in the opinion, presented a complete defense. 72 Ark. 29.

As to paragraph 13 of the defendant's answer (set out in the opinion), this court has expressly upheld as reasonable, this provision, in the following cases: 63 Ark. 331 and 90 Ark. 308. See, also, 203 Fed. 971 and 129 S. W. 181 (Tex.).

The condition that suit should be barred, unless brought within six months next after the cause of action accrued is reasonable and valid, and has been so held by this court in 82 Ark. 339; 83 Ark. 502 and 101 Ark. 310.

No brief filed for appellee.

SMITH, J. The complaint in this case was filed on the 30th day of May, 1912, and alleged that appellee shipped a carload of mules and horses from Alpena Pass, Arkansas, to DeWitt, Arkansas, and that the car containing this stock was so carelessly and negligently handled that two of the mules and one of the horses were greatly bruised and damaged, in the sum of $250. The proof showed the shipment to have occurred in October, 1911, and sustains the allegation of negligence in handling the car containing the stock, which resulted in the injuries sued for.

The answer alleged that the shipment was received under an express, written contract, the original of which was in appellee's hands, and, "that said contract was executed by plaintiff with defendant for and in consideration of a reduced rate of carriage, and the defendant was thereby relieved from responsibility unless such reasonable rules were complied with; that said contract, amongst other things, provided:

"13. As a condition precedent to a recovery for any death, loss, injury or delay of the live stock, the shipper shall give notice, in writing, of his claim to some general officer of the company, or the nearest station agent,

or the agent at destination, and before the live stock is mingled with other stock, and within one day after its delivery at destination, so that the claim may promptly and fully be investigated, and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury or delay.

"16.    No suit or action for the recovery of any claim for damages for death, loss, injury or delay of the live stock shall be sustainable, unless begun within six months next after the cause of action shall accrue, and, if begun later, the lapse of time shall be conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The answer alleged that the notice of injury was not given within the time limited, and that the complaint was not filed within six months after the accrual of the cause of action.

Appellee demurred to that part of appellant's answer pleading a written contract, and the violation of certain conditions thereof, as follows: "Comes plaintiff, and for his demurrer to the answer of defendant herein, says: That said answer, as to that part of it that pleads a contract, does not state facts sufficient to constitute a case of defense in said suit."

The court sustained the demurrer, and ordered stricken from the answer that part pleading a written contract of shipment, and a violation of the terms thereof, to which action of the court in sustaining such demurrer, and in striking such portions of the answer from the record, the appellant at the time excepted, and now assigns this action of the court as error calling for a reversal of the judgment. The jury returned a verdict for the full amount sued for and judgment was rendered accordingly.

It will be observed that no question is made, as to the reasonableness of the requirement, that notice of the injury to the stock be given appellant. *Cumbie* v. *St. Louis, I. M. & S. Ry. Co.*, 105 Ark. 406.

A condition precedent, requiring notice of an injury

to be given, has been expressly upheld as reasonable by this court. *K. & A. V. Rd. Co.* v. *Ayers,* 63 Ark. 331; *St. Louis & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308; *Chicago, R. I. & P. Ry. Co.* v. *Williams,* 101 Ark. 436.

The condition that a suit will be barred unless brought within six months after cause of action accrues has also been expressly held as reasonable in the cases of *St. Louis & S. F. Rd. Co.* v. *Pearce,* 82 Ark. 339; *St. Louis & S. F. Rd. Co.* v. *Burgin,* 83 Ark. 502; *Hafer* v. *St. Louis S. W. Ry. Co.,* 101 Ark. 310.

Under the allegations of the answer, either of these provisions would be sufficient to require the reversal of this case, unless said conditions are in conflict with Act 239 of the Acts of 1907, page 557, entitled, "An Act to prohibit common carriers from abridging and limiting their statutory and common-law liabilities by contracts, rules and regulations." Said act reads as follows:

"Section 1. Hereafter it shall be unlawful for any railroad, or any of its agents or employees, to enter into an agreement or contract with any shipper of any live stock, merchandise or other freight for the purpose of abridging, modifying, limiting or abrogating the statutory and common-law duties and liabilities of such railroad, as a common carrier, and all agreements and contracts made for that purpose are hereby declared to be void, and the same shall not be enforced by any of the courts of this State.

"Section 2. All rules and regulations prescribed by any railroad for the transportation of any merchandise, live stock or other freight, inconsistent with the common law and statutory duties and liabilities of railroads as common carriers, or that in any wise limits or abridges the statutory and common laws and rights of any such shipper, are hereby declared to be void, and the same shall not be enforced by any of the courts of this State.

"Section 3. It shall be lawful for railroads to prescribe rules and regulations for the transportation of merchandise, live stock and other freight that are reasonable and not inconsistent with the common law or statu-

tory duties and liabilities of railroads as common carriers. And the reasonableness or unreasonableness of such rules and regulations mentioned in this section shall be determined by a jury in all cases where the same becomes an issue before any court.''

Are these conditions in conflict with the terms of this act?

In the case of *St. Louis & S. F. Rd. Co.* v. *Keller, supra,* the bill of lading, under which the shipment had been made, contained a stipulation that ''the carrier would not be responsible for loss or damage to the freight shipped, unless notice of such loss or damage is given to the delivering carrier within thirty hours after delivery,'' and in regard to that provision it was there said: ''This provision of the contract does not affect the liability, itself, of the common carrier created or caused by the act itself of injury or of negligence. It is not a limitation of or an exemption from liability done or caused by such act of injury or negligence. Therefore, this provision does not itself limit the common-law liability of the carrier, nor does it exempt the carrier from the performance of any common-law duty or from the common-law liability imposed upon it by any failure or negligence in the performance of those duties. It is a regulation which the parties have agreed shall be a condition to a recovery. It is founded upon the consideration of the original contract, and its validity depends upon its reasonableness. If it is not inhibited by any statutory enactment, and if it is otherwise reasonable, there is no reason of public policy that should declare it invalid.'' While this case does not expressly hold, that the provision of the bill of lading quoted, is not in conflict with the act of 1907, such is the necessary effect of its reasoning. *Cumbie* v. *St. Louis, I. M. & S. Ry. Co.,* 105 Ark. 406.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Franklin,* 129 S. W. 181, it became necessary for the Court of Appeals of Texas to construe the act of 1907 above set out, and it was there said: ''It is very clear that, under this statute, any contract or agreement made by a rail-

way company with a shipper of live stock whereby, in the transportation of such stock, its statutory or common-law duty or liability is abridged, modified, limited or abrogated, is unlawful and void; but it is equally clear that such companies may lawfully prescribe such rules and regulations, for the transportation of such freight, as are reasonable and not inconsistent with their common-law or statutory duties and liabilities." And, further, in regard to the provision requiring the giving of notice, it is there said: "As has been seen, this provision, up to the passage of the act of 1907, was valid and enforceable. Does it violate or contravene that act? We think not. The act imposes no duty or liability which the provision in question abridges, modifies, limits or abrogates; nor do we know of any common-law duty or liability that it is inconsistent with. It simply creates an obligation on the part of the appellee, in the event of a claim by him of loss or injury to his stock while in transit, to give notice of such claim one day before such stock is removed from the point of destination, and before mingled with other stock, to the end that appellee's claim may be fully and fairly investigated, and declares the failure to give such notice shall bar a recovery of the claim. It seeks to impose a duty on appellee, which the court of last resort in Arkansas, prior to the act of 1907, has uniformly held to be valid and reasonable, rather than to abrogate, limit, or restrict any duty or liability resting upon it as a common carrier. We therefore hold that the right of appellant to make and enforce said provision of the contract is not inhibited by the said act of the Legislature of 1907."

The validity of the stipulation requiring a suit to be commenced within six months after the cause of action accrues was passed upon by this court in the case of *Hafer* v. *St. Louis S. W. Ry. Co.*, *supra*, and that provision was there upheld as reasonable, and as not in conflict with the act of 1907, set out above. In the opinion in that case, it was there said: "In all the above cases it was held that such provisions in a contract fixing a time

in which notice of the claim for damages should be given did not limit, abridge or in any way impair the liability or duty imposed by common law, or by any statute, upon the carrier or telegraph company. For the same reason, we are of the opinion that a contract limiting the period within which suit shall be brought upon such right of action, if reasonable and founded upon due consideration, does not limit, abridge, or in any way impair any liability or duty imposed by the common-law, or any statutory enactment, upon the common carrier, or any right conferred by such law on the shipper. Such provisions simply name a time within which the remedy shall be sought for the enforcement of the rights arising out of the violation of the duty, and the consequent liability imposed upon such carrier. They do not lessen in any way the full measure of the rights of the shipper springing from such common law or statutory liability resting upon the carrier." See, also, *Chicago, R. I. & P. Ry. Co.* v. *Williams,* 101 Ark. 436, and cases cited.

As it appears that this suit was not brought within the six months, the judgment must be reversed and the case will be dismissed.

There is in the record a stipulation that the same questions are involved in cases now under submission, numbered 2742, 2743, 2744 and 2745, in each of which cases the Missouri & North Arkansas Railroad Company is the appellant, and that all of said cases shall be consolidated and be heard as one case under the title of *Missouri & North Arkansas Railroad Company, Appellant,* v. *J. L. Ward, Appellee,* and that each and every one shall abide the result of the cause numbered 2746. It follows, therefore, that all the cases must be reversed and dismissed, and it is so ordered.