KUSIN *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY.

Opinion delivered March 23, 1925.

CARRIER—FILING CLAIM OF LOSS WITHIN STIPULATED TIME.—A
requirement in a bill of lading that claims for loss, damage or
delay should be presented within a stipulated time is not com-
plied with nor waived where the shipper notified the carrier of the
loss of goods, to which the carrier responded that it was doing
everything possible to bring the claim to a settlement.

Appeal from Pulaski Circuit Court, Second Division;
*Richard M. Mann,* Judge; affirmed.

*Jean & Jones,* Little Rock; *Geo. J. Ginsberg,* Alexan-
dria, La., of counsel, for appellant.

*George B. Pugh,* Little Rock, for appellee.

WOOD, J. This action was instituted by the appel-
lant against the appellee for the loss of a shipment of
machinery shipped by the appellant to Smith & Furbush
Machine Company at Philadelphia, Pennsylvania, over
appellee's line of railway and connecting carriers. The
shipment was delivered to the appellee's local agent at
Little Rock, Arkansas, on March 23, 1920, on which date
the agent delivered to appellant a bill of lading evidenc-
ing the contract of shipment. The appellant alleged that
the machinery had never been delivered by the appellee
and its connecting carriers to the consignee, and that
same was lost. The appellant specified the articles
shipped and their value, amounting in the aggregate to
the sum of $1,010.85, for which he prayed judgment.

The appellee denied the material allegations of the
complaint, and set up, among other things, in defense
the following clause in the bill of lading: "As a con-
dition precedent to recovery, claims must be made in
writing to the originating, or delivering, carrier within
six months after delivery of the property; or, in case of
failure to make delivery, then within six months after
a reasonable time for delivery has elapsed. Where
claims for loss, damage or delay are not filed, or suits
not instituted thereon, in accordance with the foregoing

provisions, the carriers will not be liable, and such claims will not be paid."

The testimony on behalf of the appellant tended to show that the machinery was delivered to the appellee at Little Rock, Arkansas, for shipment to Smith & Furbush Machine Company at Philadelphia, on March 23, 1920. Under the testimony, the shipment should have been delivered not later than June 23, 1920. On June 24, 1920, the appellant notified the local agent of appellee at Little Rock, by letter, that the machinery had not been delivered to the consignee. The letter to the local agent gave the description of the machinery, the names of the consignor and consignee, the point of delivery, and stated that the appellant was very much in need of the goods. Again, on October 25, appellant wrote the local agent a similar letter. On October 29, 1920, at the appellee's request, the bill of lading was forwarded to appellee's local freight agent. On November 6, 1920, the appellee's local freight agent wrote the appellant to the effect that the shipment had gone forward over the appellee's connecting carrier at Memphis. Inclosed in the letter was the freight bill showing the delivery to the connecting carrier. The appellant also wrote, before December 23, 1920, a letter to the connecting carrier's local freight agent at Memphis, concerning the shipment; and again, on January 17, 1921, appellant wrote a letter to the local freight agent of the connecting carrier at Memphis. The purport of these letters was to notify the local agent that the machinery had not been delivered and that the appellant was needing the same, and urging the railway companies to see that the machinery was delivered. The appellee did not file a written demand or claim for the loss of the machinery, giving the items and the value thereof, until February 7, 1922. On that day appellant did file its claim showing the value of each article of machinery lost, amounting in the aggregate to $1,010.85. On April 13, 1922, appellee's superintendent of freight claims wrote the appel-

lant a letter in which he stated: "In reply to your favor of April 6, 1922, relative to your claim, amounting to $1,010.85, * * * we assure you that we are doing everything possible to bring same to a speedy close;" and again, a similar letter on May 23, 1922, in which the appellee, among other things, stated: "We assure you that we are doing everything possible to bring this claim to a prompt settlement, and would thank you to wait just a little longer until the papers are returned."

On February 3, 1923, appellee wrote appellant a letter as follows: "With further reference to your claim, dated February 7, 1922, amount $1,010.85. * * * After a lengthy investigation we find that the shipment was delivered to the consignee at destination, they acknowledging receiving the entire shipment in six boxes, although the bill of lading called for seven; * * * therefore we are returning all papers in support of your claim, respectfully declined."

The appellant asked the court to instruct the jury in effect that the correspondence constituted proper notice provided for in the bill of lading, and that the appellee was estopped by its correspondence from setting up in defense the insufficiency of the alleged notice or claim or the mode or manner in giving same; that it should be presumed that the appellee had waived the stipulation in the bill of lading sued on. respecting the notice of, or claim for, the alleged lost shipment. The court refused to so instruct the jury, to which ruling the appellant duly excepted. The appellee asked the court to instruct the jury to return a verdict in its favor, which request the court granted, and to which ruling the appellant duly excepted. The jury returned a verdict as directed, and from a judgment rendered in favor of the appellee is this appeal.

In *Chicago, Rock Island Ry. Co. v. Williams*, 101 Ark. 436, this court had under consideration a provision

in a bill of lading similar in all essential particulars to that under review here. In that case we said: "In the present case the requirement is not merely for notice to the carrier that damage has resulted, but it is that the claim for the 'loss, damage or delay' shall be presented within the stipulated time. The purpose of the requirement is to give the carrier timely opportunity to investigate the claim for damage after the same has been presented. This involves the right to investigate the contents of lost packages and the value of lost articles, as well as the facts bearing upon the question of its liability. The distinction is clearly pointed out by Judge Riddick in the opinion of the court in *Western Union Tel. Co.* v. *Moxley,* 80 Ark. 554, and we are of the opinion that that decision is conclusive of the present case. It was held in that case that, where the contract required the presentation of claim for damages within a specified time, this requirement was not satisfied merely by giving notice of the negligence of the company's servants. This court has in several cases held that a provision of this kind is reasonable and enforceable where sufficient time is given for presenting the claim or notice."

In the recent case of *Davis* v. *Henderson,* 266 U. S. 92 (Arkansas case), the Supreme Court of the United States held (quoting syllabus): "A tariff rule, approved by the Interstate Commerce Commission, providing that orders for cars given the carrier's local agent must be in writing, cannot be waived by the carrier through the agent's acceptance of oral notice from the shipper." In the opinion the court said: "There is no claim that the rule requiring written notice was void. The contention is that the rule was waived. It could not be. The transportation service to be performed was that of common carrier under published tariffs. The rule was a part of the tariff." See cases there cited. Also, *C. P. Blackburn & Co. et al.* v. *Ann Arbor Railway Co. et al,* 56 I. C. C. Reports 439; Traffic Law Service

Series 1921, § 2019, p. 317-318; Consolidated Freight Classification No. 4, p. 37. *

The judgment is therefore correct, and it is affrmed.