SOUTHERN NEWSPAPERS, INC., v. MISSOURI PACIFIC
RAILROAD COMPANY, GUY A. THOMPSON, TRUSTEE.

4-9122                                          227 S. W. 2d 639

Opinion delivered March 13, 1950.

*C. T. Cotham,* for appellant.

*Henry Donham* and *Richard M. Ryan,* for appellee.

HOLT, J.  Appellant sued appellees to recover damages to a linotype machine, alleged to have resulted from appellees' negligence in failing to transport said property —interstate—"safely without damage." Appellees filed a motion, and an amended motion, to dismiss, to which appellant demurred.  The trial court sustained appellant's demurrer and, within the five days allowed, appellees answered, interposing a general denial and affirmatively pleaded as a defense, the non-compliance of appellant with the following provision in the Uniform Bill of Lading issued by the initial carrier, upon which the shipment was accepted: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing the Bill of Lading, or the carrier on whose line the loss, damage, injury or delay occurred, within nine months after the delivery of the property, etc., or, in case of failure to make delivery, then within nine months after reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when the notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim, or any part or parts thereof specified in the notice.  Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

The trial court, sitting as a jury, determined the issues, thus joined, in favor of appellees, and from the judgment is this appeal.

Stipulated facts were to the following effect: On October 11, 1945, the Mergenthaler Linotype Company shipped from Brooklyn, N. Y., the linotype machine in question, with the Uniform Bill of Lading attached, to appellant as consignee at Hot Springs, Arkansas. The shipment arrived at appellees' freight depot in Hot Springs October 29, 1945, and, at appellant's request,

"the machine was examined (by appellees' agent) and was found damaged." On the same day, October 29th, appellant, following the inspection "received and accepted said machine from the agent of the Missouri Pacific Railroad Company at Hot Springs, Arkansas, and paid the freight charges on the same." Thereafter, on February 17, 1947, appellant filed written claim with appellees for damages.

The primary and decisive question presented is: Did the provision in the Bill of Lading, above, providing that written notice of claim for damage must be presented within nine months after delivery of the shipment, apply in the circumstances here, and if so, has appellant complied with this provision? We hold that the provision did apply and that appellant failed to comply therewith and the trial court was correct in so holding.

It is undisputed that no written claim was filed with appellees until about fifteen months after the shipment was accepted and received by appellant, long after the nine months' period provided in the Bill of Lading had expired. In fact, verbal notice only was given, and relied upon by appellant, and this was not sufficient. The primary purpose of the time limit in the Bill of Lading was to prevent an unlawful preference by the carrier to the shipper. This time limit could not be waived by appellees in the circumstances. The transportation service to be performed was that of a common carrier under published tariffs, and the above provision, or rule, was a part of the tariff. See Title 49, U.S.C.A., § 20(11), note 282.

We said in *Kusin* v. *C. R. I. & P. Ry. Co.*, 168 Ark. 293, 270 S. W. 597: "In *Chicago, Rock Island Ry. Co.* v. *Williams*, 101 Ark. 436, 142 S. W. 826, this court had under consideration a provision in a bill of lading similar in all essential particulars to that under review here. In that case, we said: 'In the present case the requirement is not merely for notice to the carrier that damage has resulted, but it is that the claim for the "loss, damage or delay" shall be presented within the stipulated time. The purpose of the requirement is to give the carrier timely opportunity to investigate the claim for damage after the same has

been presented. This involves the right to investigate the contents of lost packages and the value of lost articles, as well as the facts bearing upon the question of its liability. . . .' In the recent case of *Davis* v. *Henderson*, 266 U. S. 92, 45 S. Ct. 24, 69 L. Ed. 182 (Arkansas case), the Supreme Court of the United States held (quoting syllabus) : 'A tariff rule, approved by the Interstate Commerce Commission, providing that orders for cars given the carrier's local agent must be in writing, cannot be waived by the carrier through the agent's acceptance of oral notice from the shipper.' In the opinion the court said: 'There is no claim that the rule requiring written notice was void. The contention is that the rule was waived. It could not be. The transportation service to be performed was that of common carrier under published tariffs. The rule was a part of the tariff.' "

The "Interstate Commerce Act," Title 49, Transportation, § 20, par. 11, as amended, provides: "Provided further that it shall be unlawful for any such receiving or delivering carrier to provide by rule, contract, regulation, or otherwise, a shorter period for the filing of claims than nine months, etc." See, also, *St. Louis, Iron Mountain and Southern Railway Co.* v. *Starbird*, 243 U. S. 592, 37 S. Ct. 462, 61 Law Ed. 917, (an Arkansas case) and *Texas & N. O. R. Company* v. *Rosenblum* (Court of Civil Appeals of Texas) 195 S. W. 2d 443, in which the Starbird case is cited.

But, says appellant, the above par. 11 of § 20, relied upon by appellees, makes the following exceptions in the matter of notice and filing of claims: "Provided, however, that if the loss, damage or injury complained of was due to delay or damage, while being loaded, or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required, as a condition precedent to recovery."

Appellant argues that this section is controlling here and that neither notice of appellant's claim nor the filing thereof was required. The answer to this contention is that this provision, on which appellant relies, was, by an amendment to § 20, par. 11, enacted by the Congress

of the United States April 23, 1930, chap. 208, 46 Stat. 251, repealed, and has no application here.

Finally, appellant says "that the trial court by its order and judgment . . . , in which it sustained the demurrer and response of the plaintiff (appellant) and overruled the motion to dismiss as amended, was without jurisdiction to try this cause on its merits, as said Order and Judgment became and was *res judicata* of the only legal defense made by the defendants to this action."

We think this contention clearly untenable for the reason that appellees' motion to dismiss, as amended, was in effect a demurrer to appellant's complaint and when the trial court sustained appellant's demurrer to appellees' amended motion to dismiss, then the court properly allowed appellees time to file its answer, which appellees did within the five days allowed. This action of the trial court was in compliance with our Civil Procedure Statutes, Ark. Stats. (1947), § 27-1117 : "Amendment of complaint after demurrer.—If the court sustains the demurrer, the plaintiff may amend, with or without costs, as the court may order. § 27-1118. Demurrer overruled—answer or reply.—Upon a demurrer being overruled the party demurring may answer or reply."

The issues, as above indicated, were not joined until the filing of appellees' answer. No final judgment had been made.

"The rules of *res judicata* are not applicable where the judgment is not a final judgment. . . . Thus, an order sustaining or overruling a demurrer is not a final judgment, although a final judgment may be entered thereafter on the order." (Restatement of the Law,—Judgments,—page 161, § 41.)

Affirmed.