St. Louis, Iron Mountain & Southern Railway Company
v. Cumbie.

Opinion delivered May 17, 1915.

1. CARRIERS—NOTICE OF DAMAGE TO FREIGHT.—A requirement by a carrier that a notice of the intention of a shipper to claim damages for an injury received by freight in transit, must be given, is reasonable and enforceable as a condition to recovery.

2. CARRIERS—DAMAGE TO FREIGHT—NOTICE.—Where a notice of damage is stipulated for, the notice can be dispensed with only by showing that the delivering carrier had actual knowledge of the damaged condition of the shipment on arrival, and necessarily that a claim therefor would be made.

3. CARRIERS — DAMAGE TO FREIGHT — NOTICE — PRESUMPTION — BURDEN OF PROOF.—The burden of proof is upon a shipper who fails to give the notice required by the bill of lading, of his claim for damages to freight shipped, to show such actual knowledge of the damaged condition of the shipment upon arrival and delivery to the consignee, as would cause the delivering carrier to know that a claim for damages would be made, so that it might investigate and discover the true condition and protect itself against unjust claims.

Appeal from Crawford Circuit Court; *Jeptha H. Evans*, Judge; reversed.

*Thos. B. Pryor*, for appellant.

1. The law of this case with reference to the provision in the bill of lading that notice should be given in writing, within thirty-six hours after the arrival of the shipment at place of delivery, of damages thereto, has

been settled by this court on former appeal, namely, that such notice is reasonable, and a condition precedent to recovery. 105 Ark. 406, and authorities cited. See also 90 Ark. 313, and cases cited.

No attempt was made on the part of the plaintiff to prove the allegation in the amendment to his complaint "that the defendant, the general agent for fruit shipment, C. E. Carstarphen, and its local agent at Greenwood, Ark., L. W. Rhodes, knew all of the foregoing material matters." On the contrary, their testimony is that they knew nothing of the peaches arriving in a damaged condition, and nothing of any claim for damages on account thereof until the filing of this suit. The proof is also that the cars of peaches were transported by appellant over its line of road, delivered to connecting carriers and by them to the consignees without objection or protest of any kind, that they were believed to have been properly delivered, and that no claim was ever presented, nor any notice of any claim for damages made until the institution of this suit.

2. The shipments were interstate, and, therefore, governed by the Federal law. 42 Ark. Law Rep. 24.

*Robert A. Rowe, C. A. Starbird* and *P. E. Rowe,* for appellee.

1. If the delivering carrier examined the peaches upon arrival and knew for itself the condition of the consignment on arrival, it was not necessary, as a condition precedent to recovery to give the notice in writing provided for in the bills of lading. 105 Ark. 406, 412; Hutchinson on Carriers (3 ed.), § 442; 101 Ark. 172; 90 Ark. 308; 63 Ark. 332; 89 Ark. 404.

2. A judgment will not be reversed for error appearing in the record, where, upon the whole record, it appears that the judgment is right. 85 Ark. 568; 96 Ark. 156; 94 Ark. 115. Findings of fact by a court sitting as a jury, are conclusive. 90 Ark. 512; *Id.* 494; *Id.* 375; 91 Ark. 108; 92 Ark. 41; 100 Ark. 166; 86 Ark. 504; 104 Ark. 154; 148 S. W. 148; 96 Ark. 606; 79 Ark. 185; 84 Ark. 359.

Kirby, J. This is the second appeal of this case, the issue before was raised by demurrer and decided in appellees' favor, the complaint being held sufficient. *Cumbie* v. *St. Louis, I. M. & S. Ry. Co.*, 105 Ark. 406.

The suit was for damages to thirty-five cars of peaches shipped over appellant's line from Greenwood, this State, to Cleveland, Ohio, and various other points, because of the negligent delay in transportation and failure to ice properly in transit.

The bill of lading issued by appellant, the initial carrier, provided: "Claims for damages must be reported by consignee in writing to the delivering line within thirty-six hours after the consignee is notified of the arrival of the freight at place of delivery. If such notice is not there given, neither this company nor any of the connecting or intermediate carriers shall be liable."

This stipulation was pleaded in the complaint passed upon with an allegation that it was unreasonable and void and constituted a restriction or limitation upon the railway's liability and without any allegation that the notice was given. But it was alleged in the amendment to the complaint that the delivering carrier examined said peaches upon arrival and knew for itself the condition of the consignment on delivery, and that its general agent, for such shipments, naming him, and its local agent at Greenwood, knew all the foregoing facts.

It was there held that the complaint was sufficient and that it was not necessary as a condition of recovery that the shipper give the delivering carrier the notice of an intention to claim damages to the peaches since such carrier through its agents examined and knew the condition of the shipment of peaches while in its possession at their destination, according to the allegations of the complaint, which were admitted by the demurrer. The court said, "Where the facts stated show that the delivering carrier had actual knowledge of all the conditions that a written notice could give it, the written notice is not required and a provision requiring it under such circumstances would be unreasonable."

It was also held that it made no difference whether the provisions of the contract of shipment required the notice "of loss or damage to be given" or whether its language provided for written notice of an intention to claim damages, the purport of these provisions being alike and having the same legal effect and also that they were not limitations upon or exemptions from liability of the carrier but only conditions precedent to recovery.

On this trial appellees introduced testimony in support of its allegation that the delivering carrier examined the shipment on arrival at destination and ascertained the damaged condition thereof. Such testimony was to the effect that the depot manager in one instance had an opportunity to see the condition of the fruit, although no employee of the railroad was with the consignee when he inspected the car that had been opened for him before delivery. In another, that no claim for damages was put in, but he notified the delivering carrier verbally that the car was in bad condition. Relative to another car, that it was the custom of the delivering carrier to inspect peaches before delivery and that one of the clerks did inspect it. In other instances, that some yard clerk or some employee of the road saw the car unloaded and knew the damaged and rotten condition of the peaches. The agents of the different delivering carriers, the local freight agents in some instances and the agents to whom the notices of intention to claim damages should have been given, or to whom they would finally have come, as well as the general freight claim agent of the appellant company, all testified that no notice in writing was given to the delivering carrier of the damaged condition of the shipment of peaches nor of an intention to claim damages within thirty-six hours after the arrival of the shipment and that they had no notice of any such damaged condition or intention to claim damages until the bringing of these suits. Said general claim agent stated that he caused an investigation to be made of the handling of the thirty-five cars embraced in this suit and no written notice was given within thirty-six hours after the notice of arrival of cars

at destination or at all upon the delivering lines, as to any claim for damages by the consignee to the agent of the delivering line. His first knowledge of any such claim was the bringing of the suit. That no exceptions or objections were made by the consignees at the time of the delivery of the cars and that they were delivered upon receipts of the connecting carriers and the consignees, showing them to be in good order.

No attempt was made to show that any written notice was given to any delivering carrier of an intention to claim damages within thirty-six hours of the arrival of the shipment, or at all, nor was any testimony introduced tending to show that the local agents of appellant at Greenwood knew of any such material facts as alleged in the complaint and they both testified that they had no knowledge of the peaches arriving in a damaged condition or that the appellee claimed damages on account thereof, until the filing of the suit.

(1-2) The court has not only frequently held that such a provision requiring the written notice of the intention to claim damages given to the delivering carrier is reasonable and a condition precedent to recovery, but has so held in this case on the former appeal as already said. Such notice can only be dispensed with by showing that the delivering carrier had actual knowledge of the damaged condition of the shipment on arrival and necessarily that a claim therefor would be made. The purpose of requiring such notice to be given is to enable the carrier, while the occurrence is recent, to inform itself of the actual facts occasioning the loss or injury that it may protect itself against claims which might be made upon it, after such lapse of time as to make it difficult if not impossible, to ascertain the truth. *St. Louis & S. F. Rd. Co.* v. *Keller,* 90 Ark. 313; *St. Louis, I. M. & S. Ry. Co.* v. *Furlow,* 89 Ark. 404; *St. Louis, I. M. & S. Ry. Co.* v. *Cumbie,* 101 Ark. 172.

In this last cited case, the consignee or his agent, declined to receive the shipment, thinking it damaged in its entire value, and sent a telegram to that effect to the con-

signor, a copy of which was given to the delivering car-
rier and it was held that that was a sufficient compliance
with the provision requiring written notice of an intention
to claim damages.   The purpose of the clause requiring
notice would be utterly defeated and such requirement
rendered ineffectual and worthless if it could be disre-
garded and a recovery had, notwithstanding the failure
to give it, upon the testimony of appellee introduced in
the trial.   The most it tends to show is that some agent
or some employee of the delivering carrier saw, or could
have seen, if he had endeavored to do so, the damaged con-
dition of the shipment of peaches on arrival and delivery.
Nowhere does any one of said witnesses say or intimate
that he notified any agent of such carrier in authority that
the shipment was so damaged, and that a claim for dam-
ages would be made.   Of course, the delivering carrier
could inspect for itself each car load of perishable freight
upon delivery to the consignee and ascertain its condition,
and if the testimony was sufficient to show that this had
been done and that such carrier had actual knowledge of
such damage as must cause a reasonable inference that
a claim would be made therefor, it might be required to
answer for such damage without the written notice.   But
here was a reasonable provision of its contract of carriage
upon the compliance with which it had the right to rely
and which was not attempted to be performed by the con-
signee who relies for his failure to give the notice upon
the alleged fact that such carrier had actual knowledge of
the damaged condition of the shipment on arrival at des-
tination and must take notice that a claim would be made
for such damages.

   (3)   The burden of proof was upon the shipper, who
failed to give the written notice, to show such actual
knowledge of the damaged condition of the shipment on
arrival and delivery to the consignee as would cause such
delivering carrier to know that a claim for damages would
be made, that it might investigate and discover the true
condition and protect itself against unjust claims.

The fact that some employee whose duties were not shown to include the investigation of such matters or to report to some agent in authority anything relating to the condition of the shipment was present upon the delivery and saw the damaged condition of the fruit shipped, or could have seen it, is not sufficient to show actual knowledge upon the part of the delivering carrier that would excuse the failure to give the written notice of intention to claim damages as a condition precedent. to recovery. It might be that some employee or some agent who had no duty whatever relative to such matters could be present and see the shipment and know of its damaged condition, and still the agents or employees, whose duties required attention to such matters, never be informed about it.

The proof is not sufficient to support the findings and judgment. The judgment is therefore reversed and the cause having been fully developed, must be dismissed. It is so ordered.

WOOD, J., (dissenting). In my opinion, there was ample evidence to warrant the finding by the court that the delivering carrier had knowledge of the damaged condition of the peaches. Such knowledge under *Cumbie v. St. Louis, I. M. & S. Ry. Co.*, 105 Ark. 406-14, was sufficient to dispense with the written notice. In that case we held: "It was not necessary, as a condition of recovery, that the appellants give appellee written notice of an intention to claim for damages to the peaches if the delivering carrier, through its agents, examined and knew the condition of the peaches while in its possession after their arrival at destination. * * * Where the delivering carrier has actual knowledge of all the conditions that a written notice could give it, then written notice is not required." Without reviewing the evidence in detail, which could serve no useful purpose, it tends to show that the employees of the delivering carrier, in one instance an employee "who had charge of the car tracks," and who inspected the peaches, who "released the cars" which contained the peaches; in other instances, the "railroad inspector" "went every

morning'' and in company with the shipper's agent would "look at" the peaches; a "Mr. McKelvey, the railroad inspector," went at the request of the consignee and "inspected" the peaches, etc.  The peaches were shown to have been so badly damaged that their condition could not have escaped the observation of those who had them in charge, and those who inspected same.  Therefore, treating the finding of the court on the question of fact the same as if it were the verdict of a jury, as we must do, and giving it at least as much potency as the verdict of a jury to which it is certainly entitled, I can not escape the conclusion that the evidence is sufficient here to sustain the finding of fact by the court.  We are not the triers of issues of fact, and the unvarying rule of this court is to uphold the verdict of a jury, or a finding of fact by the court sitting as a jury, where there is any substantial evidence to sustain it.  In such case the issue is one of fact and not of law.